RANDALL E. MCEACHERN *vs.* BOSTON AND MAINE RAILROAD COMPANY.

Suffolk.   November 13, 1889. — January 3, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Railroad — Child — Trespass.*

A railroad corporation is not liable to a boy who, without any invitation or enticement, trespasses upon its land and uses it for a playground, and is injured by meddling with a defective car standing upon one of its tracks.

TORT.   The declaration was as follows :

" And the plaintiff says that the defendant, on the third day of August last past, exclusively occupied, used, managed, and controlled, and long prior to said date had exclusively occupied, used, managed, and controlled, a parcel of unenclosed land, situate in said Gloucester, adjacent to and abutting upon a much travelled street or way, known as Tremont Street ; that there were then upon said land several, to wit, three or more, railroad tracks,

which diverged from the main track of the so called Eastern Division of a railroad then operated by the defendant, and terminated on, or closely upon, said Tremont Street; that on said date the defendant exclusively occupied, used, managed, and controlled said diverging or side tracks, and long prior thereto had exclusively occupied, used, managed, and controlled the same; that on or about said third day of August the defendant ran a freight car on to one of said side tracks, and left the same standing thereon at a spot very near to said Tremont Street; that, as the defendant then well knew, the doors of said freight car were very heavy, and ought to be securely fastened or attached to the body or frame of said car; that when the defendant placed said car upon said track the defendant well knew that one of said doors was not securely, carefully, or properly fastened or attached to the body or frame of said car, but was liable, upon receiving a slight touch, to become detached from the same, and to fall violently to the ground; that, although said door ·could then have been, and ought to 'have been, shut and locked, or in some way securely fastened or attached to the body or frame of said car, nevertheless the defendant carelessly and negligently suffered, allowed, and permitted said door, while in said unsafe, dangerous, and insecure condition, to remain open and unlocked, and in no way carefully or properly fastened, secured, or attached to the body or frame of said car, well knowing that said car then was, and would be, an enticing, attractive, and inviting object to children, and well knowing that children then were, and long prior thereto had been, accustomed to play in, upon, around, and about such cars as might happen from time to time to be placed upon any of said side tracks.

" And the plaintiff further says, that on said third day of August he, being then upwards of eleven years of age, was travelling on that part of said Tremont Street which was in the vicinity of the side track upon which said car was standing, and saw said car with its open door, and was thereby enticed and invited to look into said car, and thereupon did undertake to look into said car, exercising therein as much care as could reasonably be expected of a child of his years and capacity ; and that in attempting to look into said car he carefully touched said door, and immediately said door fell upon him, causing a com-

pound fracture of his right knee, and in consequence thereof he has been put to great bodily pain and damage."

The defendant demurred to the declaration, on the grounds that it did not state a legal cause of action; that it alleged no duty on the part of the defendant towards the plaintiff, nor any breach thereof; and that it showed the plaintiff to be guilty of contributory negligence.

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*B. S. Ladd,* for the plaintiff.

*S. Lincoln,* for the defendant.

W. ALLEN, J.   The declaration shows that the plaintiff, a boy upwards of eleven years of age, was a trespasser upon the land of the defendant, committing an unlawful act in meddling with the defendant's car.   He was not invited or enticed there by the defendant, and the defendant owed him no duty to have the car safe for him to visit.   *Lane* v. *Atlantic Works,* 111 Mass. 136.   *Johnson* v. *Boston & Maine Railroad,* 125 Mass. 75.   *Morrissey* v. *Eastern Railroad,* 126 Mass. 377.

*Judgment affirmed.*