REGINALD E. DANIELS vs. NEW YORK AND NEW ENGLAND
RAILROAD COMPANY.

Suffolk.    March 10, 1891. — September 3, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Railroad Turn-table — Implied Invitation —
Child — Trespass.*

A boy, attracted to railroad premises by a turn-table thereon left unlocked or un-
guarded near a public highway, or in an open and exposed position near the
accustomed or probable place of resort of children, cannot recover for personal
injuries sustained while at play upon the turn-table, either on the ground of an
implied invitation to come there, or of a duty on the part of the corporation to
refrain from ordinary negligence in its management of the turn-table.

TORT, for personal injuries occasioned to the plaintiff, a child
ten years and ten months old, while playing upon a turn-table
connected with the defendant's railroad in Dedham.

At the trial in the Superior Court, before *Mason*, J., there
was evidence tending to show that the turn-table was situated
near the populous part of Dedham, and about one thousand feet
from a public school located on an adjoining street, which the
plaintiff attended; that the turn-table, as shown by a plan used
at the trial, was upon the railroad location, and was distant be-
tween five hundred and six hundred feet from Dwight Street
on the north, and about six hundred feet from Metcalf Street on
the south, both of which crossed the railroad at grade, and about
two hundred feet from Willow Street on the west, which ran par-
allel with the railroad tracks; that the turn-table was in plain
sight of these streets, having large upright standards or guys
twelve to fifteen feet in height, which could be seen for a con-
siderable distance; that the Dedham station was situated on the
line of the railroad about one thousand feet northeasterly from
the turn-table beyond Dwight Street; that the defendant's road-
bed, both beside and between the tracks, was used as a common
thoroughfare from the grade crossing on Metcalf Street north-
erly towards the station, and had been so used for many years;
that on April 24, 1888, the day of the accident, the turn-table
was unlocked and unfastened, with no guards or notices thereon

to prevent accident, except that it was provided with a bolt to keep it in place while locomotive engines were passing to and from it; that, when unlocked and unfastened, it was capable of being turned around by children of the size and age of the plaintiff and his companions; that the bolt on the turn-table was attached to a lever moved by a handle, which was placed above the turn-table in plain sight, and this handle was easily and frequently moved by boys of the same size and age; that children had been in the habit of playing on the turn-table, and boys had been seen to turn it without being warned by the defendant's workmen employed about the turn-table; that in the afternoon of that day, after the close of school and shortly before the accident, the plaintiff with other boys went to the station to see a train come in; that they asked the train-men, who were switching cars on the tracks adjacent to the turn-table, to let them ride; that the train hands refused them permission to ride on the cars, and told them to stand off the track while the cars were being switched, but did not order them to leave the railroad or to keep off the turn-table; that the boys thereupon went to the turn-table and began to turn it around, and to ride thereon; and that, after riding around several times, the plaintiff's foot was caught, and he was injured.

Upon this evidence, the judge ruled that the plaintiff was not entitled to maintain the action, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*E. W. Burdett & C. A. Snow*, for the plaintiff.

*R. D. Weston-Smith*, for the defendant.

LATHROP, J. The plaintiff does not contend that he had any express invitation from the defendant to enter upon its premises, but that he was enticed or allured by the attractiveness of the turn-table; and the proposition of law upon which he relies is, that if a railroad company leaves a turn-table unlocked or unguarded upon its own premises, near a public highway, or in an open or exposed position near the accustomed or probable place of resort of children, it is for the jury to determine, even in the absence of other evidence as to the attractive nature of the turn-table, whether it is, in and of itself, calculated to attract children, and whether a child injured upon it was in fact attracted or allured by it; that, if so allured or attracted, the child comes

upon the premises of the railroad company through its implied invitation or inducement, and is not a bare licensee or trespasser; and that the company owes to such child the duty to refrain from ordinary negligence with respect to the condition and management of its turn-table.

The turn-table is stated in the exceptions to have been five or six hundred feet from a highway crossing the railroad, and six hundred feet from another highway crossing. Shortly before the accident, the plaintiff and some other boys were at a station on the railroad, which appears by a plan used at the trial to have been about one thousand feet from the turn-table; that they then asked some train men, who were switching cars on the tracks adjacent to the turn-table, to let them ride on the cars, and, on being refused, went to the turn-table., The only thing stated in the exceptions to show that the turn-table was attractive, is that it had large upright standards or guys, twelve to fifteen feet in height, which could be seen from a considerable distance.

The cases upon which the plaintiff relies may be divided into two classes. Those of the first class rest upon the proposition that, if a turn-table is of a dangerous nature and character when unlocked or unguarded, in a place much resorted to by the public, and where children are wont to go and play, it is the duty of the railroad company owning the turn-table to keep the same securely locked or fastened, so as to prevent it from being turned or played with by children, or to keep the same guarded. *Stout* v. *Sioux City & Pacific Railroad,* 2 Dillon, 294; *S. C. nom. Railroad Co.* v. *Stout,* 17 Wall. 657. The decision of the Supreme Court of the United States was apparently approved in *Atchison & Nebraska Railroad* v. *Bailey,* 11 Neb. 332; and followed in *Evansich* v. *Gulf, Colorado, & Santa Fe Railway,* 57 Tex. 123; *Houston & Texas Central Railway* v. *Simpson,* 60 Tex. 103; *Gulf, Colorado, & Santa Fe Railway* v. *Styron,* 66 Tex. 421; and *Gulf, Colorado, & Santa Fe Railway* v. *McWhirter,* 77 Tex. 356. See also *Bridger* v. *Asheville & Spartanburg Railroad,* 25 S. Car. 24; *Ferguson* v. *Columbus & Rome Railway,* 75 Ga. 637, and 77 Ga. 102.

The second class of cases proceeds upon the doctrine of constructive invitation; that is, that if a person is allured or tempted

by some act of a railroad company to enter upon its land, he is not a trespasser, and it is held that leaving a turn-table unguarded is such an act. *Keffe* v. *Milwaukee & St. Paul Railway*, 21 Minn. 207. *O'Malley* v. *St. Paul, Minneapolis, & Manitoba Railway*, 43 Minn. 289. *Kansas Central Railway* v. *Fitzsimmons*, 22 Kans. 686. *Nagel* v. *Missouri Pacific Railway*, 75 Misso. 653.

The decision of the Supreme Court of the United States in *Railroad Co.* v. *Stout* rests upon the proposition stated by Mr. Justice Hunt, " that while a railway company is not bound to the same degree of care in regard to mere strangers who are unlawfully upon its premises that it owes to passengers conveyed by it, it is not exempt from responsibility to such strangers for injuries arising from its negligence or from its tortious acts."

The cases cited in support of this proposition are *Lynch* v. *Nurdin*, 1 Q. B. 29, *Birge* v. *Gardiner*, 19 Conn. 507, *Daley* v. *Norwich & Worcester Railroad*, 26 Conn. 591, and *Bird* v. *Holbrook*, 4 Bing. 628.

With the exception of *Daley* v. *Norwich & Worcester Railroad*, all of these cases come within other rules, or within well defined exceptions to the general rule that a landowner owes no duty to a trespasser, except that he must not wantonly or intentionally injure him or expose him to injury.

*Lynch* v. *Nurdin, ubi supra*, rests upon the doctrine that, if a person unlawfully places an obstruction in a way, he is liable to a child who is injured thereby, although the child wrongfully meddles with the obstruction. The contrary, however, was held in *Hughes* v. *Macfie*, 2 H. & C. 744, and in *Mangan* v. *Atterton*, L. R. 1 Ex. 239. In *Lane* v. *Atlantic Works*, 111 Mass. 136, the plaintiff was found to be without fault, and not a trespasser. See also *Clark* v. *Chambers*, 3 Q. B. D. 327 ; *Powell* v. *Deveney*, 3 Cush. 300.

*Birge* v. *Gardiner, ubi supra*, rests upon the doctrine that an owner of land has no right to use his land near a highway in such a manner as to make it a public nuisance. To the same effect is *Hydraulic Works* v. *Orr*, 83 Penn. St. 332.

*Bird* v. *Holbrook, ubi supra*, decides that a landowner cannot lawfully, without giving notice, set traps upon his own land for the purpose of injuring trespassers ; and that, if a person is injured by such a trap, he may recover. And in Connecticut the

rule is held to be the same, though no notice is given. *Johnson* v. *Patterson*, 14 Conn. 1. This, as pointed out by Morton, J., in *Marble* v. *Ross*, 124 Mass. 44, 49, proceeds upon the ground that the owner of land cannot wantonly injure a trespasser. The case of a trespasser injured by a vicious animal stands upon the same footing. *Marble* v. *Ross*, 124 Mass. 44.

The owner of land adjoining a public street is undoubtedly liable for an excavation made by him therein, if the land, with his consent, has for a long time been used by the public as a street. *Larue* v. *Farren Hotel Co.* 116 Mass. 67. *Beck* v. *Carter*, 68 N. Y. 283.

The case of *Daley* v. *Norwich & Worcester Railroad*, *ubi supra*, so far as it tends to support the result reached in *Railroad Co.* v. *Stout*, *ubi supra*, must be considered as overruled by *Nolan* v. *New York, New Haven, & Hartford Railroad*, 53 Conn. 461.

The Court of Appeals of New York has stated, in a well considered case, that it does not uphold the decision in *Railroad Co.* v. *Stout*, and, although it seeks to distinguish that case from the one before it, the difference between the two cases is not very apparent. *McAlpin* v. *Powell*, 70 N. Y. 126. In this case the plaintiff's intestate, a boy in his tenth year, stepped out of a window of the house in which he lived upon the platform of a fire escape, and fell through a trap-door therein which was insecurely fastened. The defendant was the landlord of the house, and it was his duty to keep the fire escape in order. It was held that he owed no duty to one who was using the fire escape for his own pleasure ; and that the defendant was not liable.

In *Frost* v. *Eastern Railroad*, 64 N. H. 220, the plaintiff, a boy seven years of age, was injured while playing upon a turn-table of the defendant's railroad. The ground upon which he sought to recover was, that he was attracted to the turn-table by the noise of boys playing upon it. The turn-table was on the defendant's land, about sixty feet from a public street, in a cut with high, steep embankments on each side, and was insecurely fastened. It was held that the plaintiff was but a trespasser ; and that, under the circumstances, the defendant owed him no duty. The court expressly refused to follow the case of *Railroad Co.* v. *Stout*, *ubi supra*. On the question whether the defendant was liable on the ground of an implied invitation, Clark, J., in deliv-

ering the opinion of the court, said: "One having in his possession agricultural or mechanical tools is not responsible for injuries caused to trespassers by careless handling, nor is the owner of a fruit tree bound to cut it down or enclose it, or to exercise care in securing the staple and lock with which his ladder is fastened, for the protection of trespassing boys who may be attracted by the fruit. Neither is the owner or occupant of premises upon which there is a natural or artificial pond, or a blueberry pasture, legally required to exercise care in securing his gates and bars to guard against accidents to straying and trespassing children. The owner is under no duty to a mere trespasser to keep his premises safe; and the fact that the trespasser is an infant cannot have the effect to raise a duty where none otherwise exists."

Subject to the exceptions we have before stated, and to some others which it is not necessary more particularly to refer to, an owner of land may use his land in such manner as he sees fit; and if a trespasser or mere licensee is injured, he cannot complain that, if the owner had used it in a more careful manner, no injury would have resulted. *Hounsell* v. *Smyth*, 7 C. B. (N. S.) 731, and cases cited. *Clark* v. *Manchester*, 62 N. H. 577. *Klix* v. *Nieman*, 68 Wis. 271. *Gramlich* v. *Wurst*, 86 Penn. St. 74. *Cauley* v. *Pittsburgh, Cincinnati, & St. Louis Railway*, 95 Penn. St. 398. *Gillespie* v. *McGowan*, 100 Penn. St. 144. *Hargreaves* v. *Deacon*, 25 Mich. 1. See also *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368; *Metcalfe* v. *Cunard Steamship Co.* 147 Mass. 66, and cases cited; *Barstow* v. *Old Colony Railroad*, 143 Mass. 535.

In *Johnson* v. *Boston & Maine Railroad*, 125 Mass. 75, the plaintiff bought a ticket of the defendant corporation which entitled her to be carried from Boston to Lawrence. She went as far as Somerville, a way station, and there left the cars and went to a house near by, intending to take a later train for Lawrence. After remaining at the house for a while, she returned to the station, and, while crossing the tracks to the station of another railroad corporation, to meet her son, was injured. The space between the two stations was partly planked and partly filled in with earth, so as to form a convenient passageway; and evidence was offered that a large number of passengers were in the

habit of using this space as the plaintiff was using it, and that no notice or warning to the contrary had been posted. It was held that the evidence failed to show that the defendant held out any inducement to the plaintiff to enter its premises; that the use of the premises as a passageway by strangers was a matter in which the defendant was absolutely passive, and from which nothing was to be inferred in favor of or in aid of the plaintiff; and that the plaintiff was a mere intruder, and could not recover. See also *Wright* v. *Boston & Maine Railroad,* 129 Mass. 440.

In *Morrissey* v. *Eastern Railroad,* 126 Mass. 377, a child four years of age was run over by the cars of a railroad corporation, while using the track as a playground. There was a footpath across the track which was used by persons, but in which the plaintiff had no rights, and by which he got upon the track. Evidence was offered that the defendant had been notified that the place was dangerous for children, and had been requested to place a fence across the path. The court held that the plaintiff was a mere trespasser upon the track; that no inducement or implied invitation had been held out to him; and that he could not recover. There was some evidence in this case that the engineer acted maliciously, or with gross and wilful carelessness; and this question was submitted to the jury, who found for the defendant.

In *Wright* v. *Boston & Albany Railroad,* 142 Mass. 296, there was a well defined path leading to a railroad track, and an opening in a ridge near the track, and a passageway for the path through the ridge. There was no fence or obstruction to prevent persons from going on the track from the path, and when freight cars stood on the track an opening opposite the path was sometimes left. This path had been used by persons to cross the track, and no objection had been made by the defendant's servants to persons crossing there, except when cars were approaching. The plaintiff, a boy between six and seven years of age was injured while going to school and crossing the track by the path. It was held that these facts would not warrant the jury in finding that the defendant had held out an inducement or invitation to the plaintiff to use the path to cross the track.

The case of *McEachern* v. *Boston & Maine Railroad,* 150 Mass. 515, came up on a demurrer to the declaration, which alleged, in

substance, that the defendant, a railroad corporation, left a car standing on one of several side tracks adjoining a public street; that the defendant knew that one of the doors of the car was insecurely fastened, and was liable, upon receiving a slight touch, to fall to the ground; that the defendant well knew that said car "then was, and would be, an enticing, attractive, and inviting object to children, and well knowing that children then were, and long prior thereto had been, accustomed to play in, upon, around, and about such cars as might happen from time to time to be placed upon any of said side tracks "; that the plaintiff, being then upwards of eleven years of age, was travelling upon the street in the vicinity of the side track upon which the car was standing, "and saw said car with its open door, and was thereby enticed and invited to look into said car, and thereupon did undertake to look into said car, exercising therein as much care as could reasonably be expected of a child of his years and capacity; and that in attempting to look into said car he carefully touched said door, and immediately said door fell upon him," and injured him. The demurrer was sustained, on the ground that the plaintiff was a trespasser, committing an unlawful act in meddling with the defendant's car; that he was not invited or enticed there by the defendant; and that the defendant owed him no duty to have the car safe for him to visit.

In *McCarty* v. *Fitchburg Railroad, ante,* 17, a child about five years old strayed from the yard of the house in which it lived on to a street, and thence into the freight yard of a railroad corporation, where it was injured. The freight yard was parallel with the street, and there was no fence between. It was held, in the absence of evidence that a fence was required by the Pub. Sts. c. 112, § 115, that it did not appear that there was any evidence of a breach of any duty which the defendant owed the plaintiff.

The cases which we have last cited are conclusive of the one at bar, whatever may be the rule elsewhere. The plaintiff was a mere trespasser upon the land of the defendant. We find no evidence of any invitation by the defendant or inducement held out to him to go there, and no evidence of a breach of any duty which it owed him. The Superior Court rightly directed a verdict for the defendant.     *Exceptions overruled.*