BERNARD MCGUINESS *vs.* PHILIP H. BUTLER.

Suffolk.    March 9, 1893. — May 22, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Child at Play — Participation in Act causing Injury — Negligence — Action.*

A boy nearly nine years old, who, while engaged in play with another boy of about the same age, is injured by the falling upon him of a marble slab, which the owner has allowed negligently to remain in an upright position upon the sidewalk in front of his business premises over Sunday, cannot, if he participated in the act causing the injury to himself, maintain an action therefor against the owner of the slab.

TORT, for personal injuries occasioned to the plaintiff by the falling upon him of a marble slab belonging to the defendant. Trial in the Superior Court, before *Thompson*, J., who allowed a bill of exceptions, in substance as follows.

The defendant was a marble cutter, and occupied in his business the street floor of a building on Beverly Street in Boston. In the front of the building there were supporting columns five or six feet apart, and six or seven inches thick, extending from the ground up to the second story. The front side of these

columns was just up to the street line.  The front wall of the first story of the building ran along the rear of these columns from four to six inches from the street line, forming recesses between the columns about the depth of the columns, which recesses were outside of the highway, and were a part of the premises occupied by the defendant.  An ordinance of the city provided as follows: "No person shall place or permit to remain in a street any coal, firewood, or other merchandise, for more than ten minutes."

There was evidence tending to show that some time prior to November 24, 1889, which was Sunday, there had been placed by the defendant's servants, with his knowledge, against the front part of his building two marble slabs, one against the other, the bottom of one of the slabs resting outside of the line of the private property about four inches, and within the limits of Beverly Street and that part of it used as a sidewalk, the tops of the slabs resting against the building in one of the recesses, and wholly within private property; that the slabs were about four feet high, five feet long, and one and one half to two inches in thickness; that they were resting in the same place all day Sunday up to four o'clock in the afternoon, when the accident to the plaintiff happened; that Beverly Street was mainly occupied by mechanical business establishments, which were all closed up on Sunday; that the plaintiff, who was then a boy eight years and ten months old, left his home on South Margin Street, west of Beverly Street, in company with a boy named Carroll, who was nine years of age, to go to Sunday school east of Beverly Street, crossing Beverly Street; that they left Sunday school, came back towards Beverly Street, playing at childish games; that, in so playing, they had run across Beverly Street several times; that Carroll finally ran across the street to the marble slabs and began kicking and pulling at the outside slab; that the plaintiff followed Carroll across the street to the marble slabs, and stood in front of them and close to Carroll while the latter was kicking and pulling them; and that while the plaintiff was there on the sidewalk he was injured, under circumstances as to the character of which there was a conflict of testimony.  The plaintiff's direct evidence tended to show that Carroll, in a playful disposition, pulled the outer slab over from the top to balance

it. and, losing the balance, threw it unintentionally upon the leg of the plaintiff, who was a spectator upon the sidewalk, looking on with childish curiosity, and encouraging Carroll by no act or word, and not being in any wise a joint participant. On cross-examination of the plaintiff and Carroll, their evidence, in portions, tended to show that the two boys were playing the game of " leads," in which the " leader " is to do something, and the follower is to imitate him ; that Carroll ran across the street and proceeded, in carrying out the joint game, to pull at the marble ; and that either Carroll had done the thing and the plaintiff was imitating him and pulled the marble upon himself, or that Carroll was pulling at the marble as a part of the game, and that the plaintiff was standing upon the sidewalk prepared to imitate Carroll when he had done his part, and the slab fell and injured the plaintiff.

The plaintiff testified, on cross-examination, that he did not stop playing until the slab fell upon him, that he did not know he was going to be hurt, and that Carroll pulled the stone out in order that the witness might see if one stone was as smooth as the other, and the stone fell upon him.

The plaintiff asked the judge to instruct the jury as follows : " The fact that the plaintiff himself may have interfered with the slabs, and did thereby partially or wholly bring the injury upon himself, does not help the defendant, if the plaintiff's act was what the defendant's conduct naturally attracted and invited, and such interference and the boy's conduct was what might reasonably be expected of a boy of his tender years."

The judge declined to give the instruction requested, and, among other things, instructed the jury as follows : " It is claimed on the part of the defendant that you ought to find from the evidence, taking it reasonably, that the plaintiff was participating in what the other boy was doing, that he was so acting that he may be said fairly to be participating in the transaction. It is not enough for a person to stand by and witness a transaction to make the party responsible for the transaction. . . . Something more than bare observation is necessary to make participation. . . . If the boy was looking, whether between the slabs or not, that would not be a participation. If he had the curiosity to look in and see, that would not be participa-

tion. It would be participation if he asked him to take it off and let him look in. You can see the difference, — the bare looking would not be participation while the asking to lift it away, or helping to do it, or, if he did not help, but asked it to be done, or did that which was an inducement or encouragement for the other to do it, then he may be said to have participated in it, although he may not have taken hold of it with his own hands. So that in order to find participation in the transaction, you will have to find that the party was doing something beyond standing and observing. . . . You are to say whether or not he was participating in this himself, or, in other words, was pulling over the stone upon himself, was giving encouragement to the doing of the act in such a way as, under the rules which I have given you, would make him a participator in it; and if he was participating in throwing over the stone upon himself, he cannot recover."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*E. Greenhood,* for the plaintiff.

*F. Ranney,* for the defendant.

MORTON, J. In order that a child may recover against one through whose negligence he claims to have been injured, it is not always sufficient for him to show that he himself was in the exercise of such care as might reasonably have been expected of him. His conduct, notwithstanding that fact, may have been that of a wrongdoer, and may have contributed to the injury of which he complains. When it clearly appears that such was the case, he cannot avoid the effect of his conduct by showing that he was doing only what a child might have been expected to do. An infant cannot shift any more than an adult the consequences of his own wrongdoing or negligence upon another. Whether he was negligent or a wrongdoer very often is a difficult question to determine, and it is hard to say in all cases where the line should be drawn between negligence or wrongdoing and such care as, considering his age and experience, reasonably should be expected of him. But about the general principle there can, we think, be no question. Thus, if a child trespass on the premises of the defendant, and is injured by something that he does while trespassing, he cannot recover, unless the injury was wan-

tonly inflicted by, or was due to the recklessly careless conduct of the defendant. *Gay* v. *Essex Electric Street Railway, post,* 238, 242. *Daniels* v. *New York & New England Railroad,* 154 Mass. 349. *McEachern* v. *Boston & Maine Railroad,* 150 Mass. 515.

So, if a child voluntarily participates in the wrongful acts of others, and is thereby injured, he cannot recover, though there may have been negligence on the part of the defendant which contributed to the injury. *Lane* v. *Atlantic Works,* 107 Mass. 104; *S. C.* 111 Mass. 136. Again, if a boy is injured while playing with a machine on which he has been set to work with proper instructions, he cannot recover, because such conduct constitutes contributory negligence on his part. *Rock* v. *Indian Orchard Mills,* 142 Mass. 522. See also *McAlpin* v. *Powell,* 70 N. Y. 126. There is no suggestion in any of these cases that the plaintiff was entitled to recover if he was acting when he received the injury complained of as children of his age, intelligence, and experience naturally might be supposed to act under the same or similar circumstances. The principle for which the plaintiff contends would require us to hold that in no case would trespassing or intermeddling by a child, or participation by him in the act resulting in injury to him, be a bar, as matter of law, to his recovery, provided it appeared that the defendant was negligent, and that the child was only doing what he might naturally have been expected to do. We do not think that such is the law.

We have assumed, for the purposes of this case, without deciding it, that the defendant was negligent in leaving the marble slabs where he did. The plaintiff concedes that there was also evidence tending to show that there was on the part of the plaintiff interference with them, growing out of the play in which he was engaged with the other boy. The court instructed the jury, that, if the plaintiff participated in throwing the stone over upon himself, he could not recover. The jury must have found that the plaintiff did assist in doing the thing which caused the injury to himself. We think that the ruling was right.

*Exceptions overruled.*