GRANVILLE GAY, administrator, vs. ESSEX ELECTRIC STREET
RAILWAY COMPANY.

Essex.   March 16, 1893. — May 22, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Child at Play — Street Railway — Negligence — Action.*

A street railway corporation is not liable for an injury caused by an unfastened
brake to a boy ten years old, who was when injured playing with other chil-
dren upon cars left standing unguarded for several days on a public street
of a city.

TORT.   The amended declaration was as follows :

" The plaintiff says that the defendant is a street railway com-
pany, owning and managing a street railway between Peabody
and Salem, in the county of Essex, and the defendant negli-
gently, and without right, left several street railway cars stand-
ing unguarded in one of the public streets of said Salem a long
time, to wit, for seven days ; that said cars were furnished with
dangerous brakes, with a brake handle on each platform of the
car, at the bottom of the brake staff belonging to each of which
were brake chains, which were so connected together underneath
the car that when either brake chain was wound up the other
one would violently unwind and recoil ; and said brakes on said
cars were left in a dangerous and unsafe position and condition,
without any guard or anything to prevent their recoiling with
great force, without anybody to look out for. them or watch
them ; the plaintiff further says that his intestate was a child
of ten years, and while in the exercise of due care, and near
said car or upon said car, where he had a right to be, he was
injured through the negligence of the defendant and its agents
and servants, and suffered greatly for a long time, to wit, for
two months, and until his death ; the plaintiff further says that
his intestate was a traveller on said highway at the time of said
injury, and rightfully upon said car ; the plaintiff further says
that he with other children was enticed and allured there by the
opportunity for play afforded, and by the enticement and invita-
tion of the defendant, its agents and servants ; and further says

that some of said children, or some of the agents and servants of the defendant, to the plaintiff unknown, were negligently using and misusing said brakes, and said children were doing said acts and were permitted and given permission, occasion, and opportunity to do said acts by the consent and with the knowledge, inducement, and invitation of the defendant, its agents and servants ; that the defendant was using said street as a repair shop, and said car was there without right, and contrary to the city ordinances of Salem; that it was the duty of the defendant to keep said car and said brakes securely locked and fastened, and in a safe and guarded position and condition, so that the children could not go upon said car, and could not use or play with said brakes, all of which negligence and acts of negligence heretofore alleged as existing prior to said injury the defendant well knew before said injury occurred, as well as that said car and brakes were an enticing, attractive, and inviting object to children, and that children then were, and long prior thereto had been accustomed to play in, upon, and about said car, and with said brakes; and the plaintiff further says that all said acts and negligences which preceded or contributed to said injury the defendant should have anticipated would happen and should have prevented, and these were duties which it owed the plaintiff and his intestate."

The defendant demurred to the declaration, assigning several grounds of demurrer.

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*C. G. Fall*, for the plaintiff.

*F. L. Evans*, for the defendant.

MORTON, J.   The plaintiff relies upon the amended delaration. It is difficult to understand from it precisely what the cause of action is, or precisely how the injury complained of was received by the plaintiff's intestate.   It would seem, taking the declaration as a whole, that he was not a traveller on the highway, (though there seems to be an allegation to that effect,) nor a mere spectator, injured while looking for a moment at what other children were doing, as was the case in both respects with the plaintiff in *Lane* v. *Atlantic Works*, 107 Mass. 104 ; *S. C.* 111

Mass. 136. As we construe the declaration, it alleges in substance that the defendant left several cars standing in a public street for several days, in violation of a city ordinance, knowing that they would entice children, and that they did in fact entice children to play upon them; that the brake chains were so arranged that, when one brake was wound up, the other would violently unwind and recoil, and that the brakes were not fastened, and the cars were not guarded; that the plaintiff's intestate and other children were playing on the cars, and with the brakes, and that while doing so one of the brakes unwound and caused the injury complained of; that the leaving of the cars in the street, unguarded, and with brakes unfastened, was an invitation by the defendant to the plaintiff's intestate and other children to play with them, or, if not, that the defendant should have known that the cars would entice children, and that it was its duty to keep the brakes fastened, and the cars guarded, so that children could not play upon them, and not to do so was negligence on its part, which rendered it liable for the injury to the plaintiff's intestate.

If the cars had been left standing by the defendant on its own premises, near the highway, in the same condition in which they were left standing in the street, it is clear under the decisions of this court that, however attractive they might have been to children, if the plaintiff's intestate had been injured by them while at play upon them he would have been a trespasser, and the defendant would not have been liable. *Lane* v. *Atlantic Works,* 107 Mass. 104; *S. C.* 111 Mass. 136. *Morrissey* v. *Eastern Railroad,* 126 Mass. 377. *McEachern* v. *Boston & Maine Railroad,* 150 Mass. 515. *Daniels* v. *New York & New England Railroad,* 154 Mass. 349.

In such a case, the only duty which the defendant would have owed him would have been not to injure him wantonly, or by conduct recklessly careless on its part. *Morrissey* v. *Eastern Railroad, McEachern* v. *Boston & Maine Railroad,* and *Daniels* v. *New York & New England Railroad, ubi supra.*

Assuming that there was evidence for the jury of the defendant's negligence in leaving the cars in the street as it did (see *Powell* v. *Deveney,* 3 Cush. 300), we then come to the question whether the plaintiff's intestate is to be regarded as a trespasser

and joint actor with the other children; if he is, then the question whether he was in the exercise of due care becomes immaterial. His wrongdoing as a trespasser and joint actor would in such event be a cause contributing to the injury, though in doing what he did he might be doing no more than would naturally be expected from a child of his age. We think he must be regarded as a trespasser and joint actor with the other children. Leaving the cars in the street as it did was not an invitation or license by the defendant to him to play upon them, even though the defendant knew that they were calculated to attract children, and did in fact attract them. Knowledge on the defendant's part that they attracted children was not an invitation or license to them; otherwise, the fact that one knowingly maintained on his own premises an object that allured children would constitute an invitation to them. The most that can be said for the plaintiff is, that the defendant, knowing that the cars would be and were attractive to children, was bound to anticipate what actually occurred, and to exercise a corresponding degree of care to see that the cars were securely fastened and guarded, and is liable for an injury occurring to the plaintiff's intestate through its failure to do so. This assumes that all that the plaintiff is required to show is that his intestate acted as reasonably might be expected of him. But he might do that and still be a wrongdoer and trespasser, and contribute by his conduct to the injury which he received. If he did, then the fact of his youth, and the fact that the defendant's negligence also contributed to it, would not render the defendant liable. If the cars had been set in motion by other children, and the plaintiff's intestate had been injured by them while lawfully upon the highway, the defendant clearly would have been liable. *Lane* v. *Atlantic Works*, 111 Mass. 136. But he was using the highway and the cars for play, and was a joint actor with other children in causing that to happen which resulted in his injury. We might fairly assume, if it were necessary, that a boy ten years of age, and of ordinary intelligence, would know that he had no right to play upon cars which a street railway company had left standing in the streets.

Upon the declaration as we interpret it, we do not think that, under the decisions in this State, the plaintiff is entitled

to recover.    See cases *supra;* also *McAlpin* v. *Powell,* 70 N. Y. 126.

It is possible a different result might be reached in the English courts, though the law does not seem to be finally settled there; *Lynch* v. *Nurdin,* 1 Q. B. 29; *Hughes* v. *Macfie,* 2 H. & C. 744; *Mangan* v. *Atterton,* L. R. 1 Ex. 239; *Clark* v. *Chambers,* 3 Q. B. D. 327; or in other courts in this country. *Railroad Co.* v. *Stout,* 17 Wall. 657. *Keffe* v. *Milwaukee & St. Paul Railway,* 21 Minn. 207, 209. *Kansas Central Railway* v. *Fitzsimmons,* 22 Kans. 686.    *Judgment affirmed.*