MARY HOLBROOK *vs.* HENRY O. ALDRICH & another.

Suffolk. January 25, 1897. — February 25, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Child — Trespass — Action.*

A child less than seven years old entered a shop with her father, who was going to make a purchase. She intended to buy some candy, but in the first place accompanied him to a part of the shop at some distance from the candy counter and near to a coffee grinder. He let go her hand to get his money, and she went over to the coffee grinder, put her hand up the spout out of which the

ground coffee came, hoping to get some whole kernels, and lost her fingers. *Held*, that she could not maintain an action against the shopkeeper for her injuries.

TORT, for personal injuries occasioned to the plaintiff while in the shop of the defendants. Trial in the Superior Court, before *Mason*, C. J., who directed the jury to return a verdict for the defendants; and the plaintiff alleged exceptions. The facts sufficiently appear in the opinion.

*J. R. Thayer*, ( *C. G. Chick* with him,) for the plaintiff.

*C. T. Russell*, ( *G. C. Dickson* with him,) for the defendants.

HOLMES, J. This is an action for loss of the plaintiff's fingers, which were cut off by a coffee grinder in the defendants' shop. The plaintiff, a minor less than seven years old, entered the shop with her father, who was going to make a purchase. She intended to buy some candy, but in the first place accompanied her father to a part of the shop at some distance from the candy counter and near to the coffee grinder. He let go her hand to get his money, and she went over to the coffee grinder, put her hand up the spout out of which the ground coffee came, hoping to get some whole kernels, and lost her fingers. The judge directed a verdict for the defendants; and the plaintiff excepted.

We are of opinion that the direction was right. If the decision were to be put on the narrowest possible ground, it might be said that at the moment of the accident the plaintiff was not within the scope of the defendants' implied invitation, and therefore was entitled to no protection against such possibilities of harm to herself. But even if she had been buying coffee we should regard the rule as the same. The defendants' invitation in that case would have bound them to due care for the safety of those walking in the neighborhood while simply moving about. But it would not have bound them to look out for or to prevent wrongful acts, on the ground that the acts if done might hurt the actor. Temptation is not always invitation. As the common law is understood by the most competent authorities, it does not excuse a trespass because there is a temptation to commit it, or hold property owners bound to contemplate the infraction of property rights because the temptation to untrained minds to infringe them might have been foreseen. *McEachern*

v. *Boston & Maine Railroad,* 150 Mass. 515. *Daniels* v. *New York & New England Railroad,* 154 Mass. 349. *Gay* v. *Essex Electric Street Railway,* 159 Mass. 238. The case is similar in principle to *McGuiness* v. *Butler,* 159 Mass. 233, and to *Mangan* v. *Atterton,* L. R. 1 Ex. 239, which, notwithstanding the observations in *Clark* v. *Chambers,* 3 Q. B. D. 327, has been cited in this Commonwealth repeatedly as unquestioned law. See also *Hughes* v. *Macfie,* 2 H. & C. 744. In *Moynihan* v. *Whidden,* 143 Mass. 287, which would have to yield to *McGuiness* v. *Butler,* if there were a conflict, it seems to have been assumed that the plaintiff's touching the rope was not tortious.                        *Exceptions overruled.*