JAMES KANE *vs.* WEST END STREET RAILWAY COMPANY.

Suffolk.    March 10, 1897. — June 16, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Street Railway — Due Care — Negligence — Law and Fact.*

A boy ten years old was injured, while attempting to cross the street in front of his home, by stepping with his bare feet on a heated rail belonging to a street railway corporation, which was engaged in welding the ends of the rails of its road together. These ends were heated by electricity, and then welded together by a machine which was driven along the track to the joints of the rails, the pavements having been taken up and the earth excavated for a short distance on each side of the rail. It took about half an hour to cool the rails after

heating. The rail in question had so far cooled that it was black, and there was no flag or wooden horse to notify one of any danger. *Held*, in an action against the corporation for the injury, that the questions of the plaintiff's due care, and of the defendant's negligence, were for the jury.

TORT, for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant. At the trial in the Superior Court, before *Hammond*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*P. H. Cooney*, (*W. B. Sprout* with him,) for the defendant.

*T. W. Coakley*, for the plaintiff.

LATHROP, J. The accident in this case happened in August, 1893, and the case was tried in May, 1896. The boy testified that he would be thirteen the coming July, and this would make him a little over ten years old at the time of the accident. He was injured, while attempting to cross the street in front of his house, by stepping with his bare feet on a heated rail belonging to the defendant company. The defendant was engaged at the time in welding the ends of the rails of its road together, and it had proper permission to do so. The welding of the rails was effected by a gang of men ahead of the welding machine or engine, first taking up the pavements for a distance of about six feet in length at the joints of the rail, and excavating the dirt and gravel to the depth of about two and a half feet, and the width of about two and a half feet on each side of the rail. When the joints of the rails were thus exposed, the welding machine was driven along the track to the joints and stopped, and the end of each rail was heated by electricity, and they were welded together. The welding machine would then be driven along to the next joint, and another gang of men filled up the excavation and replaced the pavements. The surface of the street was not disturbed except at the joints of two rails, as above stated, and each rail was about thirty-three feet long. It took about half an hour to cool the rails after heating.

In addition to these facts, the only evidence as to the defendant's liability comes from the testimony of the plaintiff, which is set forth at length in the bill of exceptions. At the close of the evidence, the defendant asked the presiding judge to rule that the plaintiff was not entitled to recover, and to direct a

verdict for the defendant. The judge declined so to rule, and submitted the case to the jury, who returned a verdict for the plaintiff; and the case comes before us on the defendant's exceptions to the refusal to rule as requested.

It appears that the accident occurred about half past nine in the morning; that the rail had then so far cooled that it was black; and that there was no flag or wooden horse to notify one of any danger. The plaintiff testified, on direct examination, that there was not anything there except the rails, and the " bricks " (meaning stones) near the rails, " the bricks holding the dirt; there was a big brick in the dirt near the rail, holding the dirt." He was then asked, " Was that all along the rail, or only in one part that the dirt and brick were piled up?" and he answered, " There was n't any dirt and brick piled up, only some dirt holding one brick up." And this, he testified in answer to another question, was at the place where he got burned. On cross-examination, he testified that he did not go over any stones.

It does not clearly appear from his testimony that he jumped across a hole on to the rail, although he admits seeing a hole when he was on the rail. Nor does it clearly appear that he climbed over a heap of stones and dirt before he was hurt.

The case is not one of a boy trespassing upon a railroad track, as in *McEachern* v. *Boston & Maine Railroad*, 150 Mass. 515. The plaintiff had a right to use the street; and we cannot say that there was no evidence of due care on his part. We are of opinion, also, that the question of the defendant's negligence was for the jury. It would have been an easy matter in some way to have guarded the welded joints until they had cooled.

*Exceptions overruled.*