Strafford, }
June, 1899. }

## LEAVITT *v.* MUDGE SHOE CO.

One who rides upon an elevator, knowing that such use is forbidden, is a trespasser, and cannot recover for injuries resulting therefrom, in the absence of evidence that they were wantonly inflicted, or could have been prevented by the exercise of due care on the part of the defendants after discovery of the danger.

CASE, to recover for injuries resulting from the fall of an elevator in the defendants' factory. The negligence complained of was that of leaving the elevator unlocked and without a suitable attendant when it was out of repair.

On March 17, 1898, the plaintiff, who was an employee of the McKay Metallic Fastening Association went to the defendants'

factory to repair machinery leased to the defendants by his employers. While there he went into the attic to get parts of an old machine which he needed about his work. He found there, similarly employed, an employee of another concern leasing machinery to the defendants. When this man left the attic he locked the door. The plaintiff found it locked when he was ready to go down, and asked one of the defendants' workmen, named Evans, who was on the floor below, to get the key. Evans could not find it, and the plaintiff asked him to come up with the elevator. Evans brought the elevator to the attic floor, and the plaintiff got upon it. Then Evans pulled the shipper the wrong way and the elevator started upward. When it had gone about two feet the cage struck a projecting timber, broke some of its machinery, and dropped to the basement. When the elevator was in working order, it could not be made to ascend above the attic floor. It had been out of repair for some time, and the defendants had directed the man in charge to keep it locked when it was not in use.

The plaintiff knew that no one was allowed to ride on the elevator, but he did not know that it was out of repair. There was no evidence that Evans' work was in any way connected with the elevator, or that he was ever on it before.

At the close of the evidence a nonsuit was ordered, subject to the plaintiff's exception.

*John Kivel, George E. Cochrane,* and *George T. Hughes,* for the plaintiff.

*Felker & Gunnison* and *Edgerly & Mathews,* for the defendants.

YOUNG, J. The defendant was a trespasser in his use of the defendants' elevator; for, although he came upon their premises by their implied invitation, he understood that it did not extend to the use of their elevator. A trespasser can only recover for injuries wantonly inflicted, and for those which the owners could have prevented by the exercise of due care when they either knew or should have known of his danger. There was no evidence that the defendants willfully caused the plaintiff's injuries, or that they either knew or ought to have known of his danger in time to prevent the accident; and the law did not impose upon them the duty of keeping their elevator locked, or of having a competent man in charge of it to keep trespassers from using it for their own convenience. *Frost* v. *Railroad,* 64 N. H. 220; *Daniels* v. *Railroad,* 154 Mass. 349; *Walsh* v. *Railroad,* 145 N. Y. 301.

*Exception overruled.*

PARSONS, J., did not sit: the others concurred.