GEORGE FALARDEAU *vs.* MALDEN AND MELROSE GAS
LIGHT COMPANY.

Middlesex.    March 3, 1931. — April 1, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence*, Trespasser, Intermeddler.    *Proximate Cause.*

A boy, who was playing upon a vacant lot of land without invitation of
the owner and was walking and running on a long pipe, the property
of a gas company which was trespassing on the lot in connection
with work of laying pipes in an adjacent street, fell from the pipe
upon a welding rod which either was in his hand or was sticking in
the ground, and was injured.  In an action by the boy against the
company, he made no contention that there was reckless or wanton
misconduct on the part of the defendant. *Held*, that

(1) The cause of the injury was the slipping on the pipe: the rod
was an attendant circumstance which made the injury from the fall
more serious than it otherwise would have been, but it could not
rightfully have been found to have been the cause of the accident;

(2) Although the defendant was a trespasser as to the owner of
the lot, the plaintiff was precluded from recovery because of his
tortious act in intermeddling with the defendant's property.

TORT for personal injuries.  Writ dated April 16, 1928.

In the Superior Court, the action was tried before *Green-halge*, J.  Material evidence is stated in the opinion.  A verdict for the plaintiff in the sum of $15,000 was recorded with leave reserved under G. L. c. 231, § 120.  Thereafter the judge ordered a verdict entered for the defendant and reported the action for determination by this court.

*J. E. Hannigan*, (*A. W. McDonough* with him,) for the plaintiff.

*L. C. Doyle*, for the defendant.

SANDERSON, J.  This is an action of tort to recover for personal injuries to the plaintiff, a boy seven years of age, alleged to have been caused by the negligence of the defendant in the use of welding rods and other materials. The accident occurred in November, 1927, upon a vacant lot on a street corner, in the city of Malden, owned by

the Malden Investment Co. The property was for sale and a "For Sale" sign was on the lot at the time of the accident. The evidence tended to prove that at some previous time "No Trespassing" signs had been placed upon the land, but that there had been no such sign upon it for a substantial period before the accident. The field was in a residential section of the city and there was evidence that for two years or more before the accident children in the neighborhood had made use of it as a playground, and that it had been used by people to walk across to a neighboring street and as a dumping ground. Testimony in behalf of the defendant that it had permission of the owner to occupy the lot was controverted and the jury found, in answer to a special question, that it was a trespasser thereon. Before the accident the defendant had been engaged in laying new pipes in the streets in the neighborhood and about a month before had put some of its equipment and materials on this lot.

On the day of the accident two of the defendant's employees began welding operations thereon and were engaged in welding together short lengths of pipe to lay in an adjoining street; in this operation they used metal rods three feet in length and three sixteenths of an inch in diameter, which in the process of welding were melted in the pipe by an acetylene torch. Near these short pipes was another pipe about thirty feet long upon which no one was working. The plaintiff introduced evidence that unused rods and parts of used rods were lying around and resting against the pipes and that the welders stuck some of them in the ground near their work for their convenience. Testimony introduced by the defendant tended to prove that the rods were kept in a receptacle provided for the purpose, that its employees did not and should not stick them in the ground. There was evidence that children were playing around the pipes and with the rods, and that the watchman sent two of them home; that the defendant's employees ordered children away who bothered them at their work and told them not to take the rods; that the welders knew children should be kept away and that the defendant

did nothing to protect children except to try to keep them off the lot. Rules of the defendant were introduced to the effect that every precaution should be taken to prevent accidents and that it was the duty of every employee to be on the alert to safeguard in every way persons and property.

One of the plaintiff's companions testified that the plaintiff, while walking or running on the long pipe, holding one of these rods in his hand and pushing himself with one end of it on the ground, slipped and was injured. The witness also testified that he was not certain that the plaintiff held a rod when he fell. Other testimony tended to prove that he slipped from the pipe when walking across it. The jury could have found that when he fell a rod penetrated his eye, that it was either one he held or some other rod with which he came in contact when he fell, and that the part of the pipe from which he fell was slippery, although the evidence introduced by the defendant tended to prove that the covering upon the pipe was made of a compound of tar and was not slippery.

The mother of the plaintiff testified that her son went from his home to play and at the time of the accident was playing with another boy; that she knew tools and apparatus were on the lot but did not know that welding or any dangerous work was being done there.

The jury found for the plaintiff and the judge thereafter, in accordance with leave reserved, entered a verdict for the defendant and reported the case upon the terms that, if there was sufficient evidence, including any offered by the plaintiff and improperly excluded, to warrant the submission of the case to the jury, judgment is to be entered for the plaintiff in a stated sum, otherwise judgment is to be entered for the defendant.

No evidence was introduced to prove that the plaintiff had any invitation from the owner to be upon the lot, or had any right to be there, except such as may have arisen from the fact that for two years or more children had been in the habit of playing there and that the land was used by people to walk across. As to the owner of the property

the plaintiff's rights could not have been found to be those of an invitee and, if it were not for the fact that his injury was suffered while he was intermeddling without right with the defendant's property, he might have established the liability of the defendant, who was a trespasser as to the owner, if he could prove that his injury was caused by the defendant's negligence. *Buckley* v. *Arthur J. Hickey Family Laundry Co.* 261 Mass. 348. Neither party could have required the other to leave the land or could assert rights therein superior to those of the other, and neither would be justified in interfering with the property of the other which might be upon the lot. Even if the pipe and rods were of a nature to be attractive to the plaintiff, this would not amount to an inducement or invitation to him to use them. *Daniels* v. *New York & New England Railroad,* 154 Mass. 349, 350, 354. *Holbrook* v. *Aldrich,* 168 Mass. 15, 16. *Bruso* v. *Eastern States Exposition,* 269 Mass. 21, 24. When the plaintiff ran, walked or stepped upon the pipe of the defendant, he was not an invitee but became as to it a trespasser and for injury caused by such act of trespass can recover only by proof of wanton and wilful misconduct on the part of the defendant. *Morrissey* v. *Eastern Railroad,* 126 Mass. 377. *McEachern* v. *Boston & Maine Railroad,* 150 Mass. 515. *McGuiness* v. *Butler,* 159 Mass. 233. *Gay* v. *Essex Electric Street Railway,* 159 Mass. 238. *Grindley* v. *McKechnie,* 163 Mass. 494. *Barry* v. *Stevens,* 206 Mass. 78. Upon the testimony, the plaintiff's injury was caused by his slipping from the defendant's pipe. The rod, whether in his hand or upon the ground, was an attendant circumstance which made the injury from the fall more serious than it otherwise would have been, but the rod could not have been found to be the cause of the accident. See *Fielding* v. *S. Z. Poli Realty Co.* 274 Mass. 20, 23. Even though the defendant was a trespasser as to the owner of the land, it violated no duty it owed the plaintiff in bringing its pipes and other equipment and material upon the lot, or in preparing its pipes for use by welding them or by placing a coating upon them, even if they were thereby caused to be slippery. The plaintiff makes no contention

that there was reckless or wanton conduct on the part of the defendant. See *Robbins* v. *Athol Gas & Electric Co.* 236 Mass. 387; *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239, 242; *McIntyre* v. *Converse,* 238 Mass. 592, 594. In *McGuiness* v. *Butler, supra,* the court said at page 237: ". . . if a child voluntarily participates in the wrongful acts of others, and is thereby injured, he cannot recover, though there may have been negligence on the part of the defendant which contributed to the injury . . . . The principle for which the plaintiff contends would require us to hold that in no case would trespassing or intermeddling by a child, or participation by him in the act resulting in injury to him, be a bar, as matter of law, to his recovery, provided it appeared that the defendant was negligent, and that the child was only doing what he might naturally have been expected to do. We do not think that such is the law." See *United Zinc & Chemical Co.* v. *Britt,* 258 U. S. 268, 275; *Robert Addie & Sons (Collieries), Ltd.* v. *Dumbreck,* [1929] A. C. 358, 364. Some statements made in the recent case of *Excelsior Wire Rope Co.* v. *Callan,* [1930] A. C. 404, 410, might appear to lend support to the arguments advanced in behalf of the plaintiff, but the decision in that case seems to have been based either upon the ground that the defendant's conduct was so reckless that it could be found to be malicious or upon the ground that the defendant owed children a duty to keep them away from dangerous machinery which from time to time it set in motion. The case of *Moynihan* v. *Whidden,* 143 Mass. 287, as explained in *Holbrook* v. *Aldrich,* 168 Mass. 15, is not inconsistent with the well settled rule in this Commonwealth. In *Burroughs* v. *Pacific Telephone & Telegraph Co.* 109 Ore. 404, the telephone poles by which the child was injured had been abandoned by the defendant and as to it the child was not a trespasser. In *Sarapin* v. *S. & S. Corrugated Paper Machinery Co. Inc.* 209 App. Div. (N. Y.) 377, the decision was based upon the conclusion of the court that the plaintiff was not a trespasser.

In our opinion, when the evidence is considered in the

view most favorable to the plaintiff, he is precluded from recovering because of his tortious act in intermeddling with the defendant's property, and as the evidence did not warrant the submission of the case to the jury judgment must be entered for the defendant.

*So ordered.*