BERTHA WING PRUDHOMME, administratrix, *vs.* CALVINE MILLS, INC. (and a companion case[1]). March 31, 1967. The plaintiff, administratrix, sues in tort for the conscious suffering and death of Stephen Prudhomme

---

[1] The companion case is by the plaintiff in the first case against Revere Copper & Brass, Inc.

aged twelve years, who, while using a raft, was drowned in a pond owned by the defendant Calvine Mills, Inc. (Calvine) in which the defendant Revere Copper & Brass, Inc. (Revere) had rights for use in manufacturing. The trial judge, on the plaintiff's opening, directed verdicts for the defendants on eight of ten counts against Calvine and on six of eight counts against Revere. These counts were based upon an invitation, express or implied, or upon the "attractive nuisance" theory. These rulings were correct. No statement of expected evidence warranted recovery on any counts. Our established law does not allow recovery on the "attractive nuisance" theory. *Daniels* v. *New York & New England R.R.* 154 Mass. 349, 350–356. *Falardeau* v. *Malden & Melrose Gas Light Co.* 275 Mass. 196, 199. *Smith* v. *Eagle Cornice & Skylight Works*, 341 Mass. 139, 143. On the remaining counts, which were based upon wilful, wanton, or reckless conduct, the jury returned verdicts for the plaintiff against Calvine and verdicts for the defendant in the action against Revere. The judge under leave reserved entered verdicts for Calvine. These rulings also were correct. *Trott* v. *Yankee Network, Inc.* 335 Mass. 9, 13–15. *Siver* v. *Atlantic Union College*, 338 Mass. 212, 216.

*Exceptions overruled.*

The case was submitted on briefs.

*Edward J. Harrington, Jr.,* for the plaintiff.

*Charles R. Desmarais & William H. Carey* for the defendant Calvine Mills, Inc.

*Chris Byron & Leonard Alfonso* for the defendant Revere Copper & Brass, Inc.