EGAN, APPELLANT *v.* MONTANA CENTRAL RAILWAY
CO. ET AL., RESPONDENTS.

[No. 1248.]

[Submitted October 8, 1900. Decided January 7, 1901.]

*Railroads—Action for Damages for Personal Injuries—Trespassers on Right of Way—Negligence—Nonsuit.*

1. In considering on appeal the granting of a motion for a nonsuit, everything which the evidence tends to prove must be taken as established.
2. Silence or non-action is not of itself, alone evidence of assent unless duty demands speech or action as the expression of dissent.
3. Mere tolerance or endurance of past trespasses will not justify the inference that other acts of the same kind were licensed.
4. A railroad company owes to a trespasser on its track the duty to refrain from any wilful or wanton act occasioning injury, and the duty of exercising reasonable care to avoid injuring such trespasser after becoming aware of his presence on the right of way; but further than this such company is under no obligations to a trespasser.
5. Evidence reviewed, and *held,* that the defendant railroad company was not guilty of negligence proximately causing the injury to plaintiff who while a trespasser upon

its right of way was struck by one of its trains; and that a motion for a nonsuit was properly granted.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Michael Egan against the Montana Central Railway Company and the Great Northern Railway Company. From an order denying plaintiff's motion for a new trial and from a judgment for defendants, plaintiff appeals. Affirmed.

*Mr. John W. Cotter,* and *Messrs. Howell & Harney,* for Appellant.

*Mr. A. J. Shores,* for Respondents.

**MR. JUSTICE PIGOTT** delivered the opinion of the Court.

Having sustained personal injuries through the alleged negligent operation of a train of cars by the defendants, the plaintiff brought this action for damages.    At the close of the plaintiff's case the Court granted a non-suit, and judgment was entered in favor of the defendants.    From an order denying plaintiff's motion for a new trial and from the judgment, the plaintiff has appealed.

The single question is whether the plaintiff made a sufficient case to go to the jury, and in considering this question everything which the evidence tended to prove must be taken as established.    So viewing the evidence in connection with the pleadings the following facts, which we adopt in substance from the briefs of counsel, appeared:    The defendants were operating a line of railway which ran on the south side of the Boulder river and into and through the town or village of Basin.    The Hope mine and mill where the plaintiff was employed on September 30, 1894, when the accident occurred, was situated about a mile above Basin and immediately adjoining the right of way of the defendants; and at that point the railway was near the bank of the river, while the mine and mill were on the hill-side immediately above, with only

sufficient intervening space for a spur-track and platform which had been constructed for the use of the mine. Between the mine and Basin the roadbed of the defendants was high and narrow, being wide enough for a single track only. At the foot of the grade on the north side ran the Boulder river, and on the south side was a pond or slough; on the south side of the river the railway grade was the only road or path over which a man could walk between the mine and Basin. This grade, however, did not afford the only road way between the Hope mine and the town, for there was a wagon bridge about 175 feet above the mine, and near the bridge was a road on the north side of the river leading down to the town. Notwithstanding the existence of the upper road, the miners and other inhabitants of Basin habitually used the railway track for going to and coming from the mine. Two shifts of from 30 to 35 men each were employed at the mine, and these men passed over this portion of the railway twice and sometimes four times a day. The railway track had been so used as a pathway for more than a year prior to the accident, and during that time the defendants had known, or possessed the means of knowing, that their track was frequently so used but took no steps to prevent the trespasses. On the day of the accident the miners, including the plaintiff, quit work at noon and started down the railway track toward Basin while the whistle at the Hope mine was blowing. The plaintiff stepped upon the track at the mill and looked to see if there were any trains upon the track, because, as he testified, "there was trains liable to come along any time," and walked slowly toward town. He walked in the middle of the track following the other men, twelve or fifteen in number, who were ahead of him. He walked north about 150 feet before he was struck. The view of the track was unobstructed to the south for a distance of 800 feet or thereabouts. After he started to walk toward town he did not look back. The freight train which struck him was running at the rate of about 20 miles an hour. The whistle was not blown or bell rung, nor was any signal

or warning given. The engineer was leaning out of his cab looking backward for signals from the rear of the train. The man immediately in advance of the plaintiff turned half way around and jumped from the track just as the engine struck the plaintiff. At the moment he was struck the whistle of the mill obscured or rendered indistinct minor noises. The plaintiff had often been on that track before when trains had passed along. The men who were ahead of him at the time of the accident were either in the centre of the track or close to the track on the end of the ties.

The first question is: Were the defendants guilty of negligence proximately causing the injury? Counsel for the plaintiff insist that the defendants were negligent in failing to give notice or warning of the approach of the train. Whether they were or not must, under the facts, be determined by the answer to the question whether the omission of the defendants to observe the presence of the plaintiff on the track in time to warn him of the approach of the train was an act of negligence. It is contended that the defendants were under the legal obligation to maintain a lookout when the train was approaching the stretch of track upon which persons were in the habit of walking, and to give such notice or warning of the approach of the train as would have permitted the plaintiff to escape from his position of peril. It appears that the plaintiff and others had been in the habit of using the defendants' track as a foot path. The right of way at the point where the accident occurred was the exclusive property of the defendants; without their consent the plaintiff could not lawfully use that part of the track for his own convenience. Neither the plaintiff nor the other persons were expressly or by implication invited to walk upon the track. Forbearance is not ordinarily permission; it may be equivalent to permission when the law imposes upon the person who forbears the active duty not to forbear. Passivity is not assent unless legal duty demands speech or action. Silence or non-action is implied consent only when legal obligation requires speech or action to evidence objection or protest,—in other words, si-

lence or non-action is not of itself alone evidence of assent un-
less legal duty demands speech or action as the expression of
dissent (*State* v. *Fisher*, 23 Mont. page 551.)   Mere tolerance
or endurance of past trespasses will not justify the inference
that other acts of the same kind were licensed.   No legal duty
expressly to object to the use made of the track by trespassers
rested upon the defendants, and hence, by omitting to warn
or eject those who had theretofore intruded, they waived none
of their rights nor granted an implied license to the plaintiff
authorizing him to do like acts in the future.   The plaintiff
and his companions were trespassers, and the mere fact that
the defendants had, without formal or express objection, tol-
erated or suffered their use of the track as a foot-way, did
not make the users licensees.   The defendants owed to the
plaintiff no greater or different duty than they owed to per-
sons trespassing on other parts of their property.  The de-
fendants owed to the plaintiff, as they did to any other tres-
passer, the duty to refrain from any wilful or wanton act
occasioning injury, and the duty of exercising reasonable care
to avoid injuring him after becoming aware of his presence on
the right of way; but further than this the defendants were
under no obligation to the plaintiff.   In the case at bar the
engineer at the time of the accident was looking backward
for signals from the rear of the train and did not keep a look-
out for persons on the track; nor does the plaintiff contend
that the engineer or any other employee of the defendants saw
him in time to avoid striking him.   The defendants were
under no legal obligation to maintain an active look-out for
the purpose of avoiding injury to the plaintiff, a trespasser;
and there·was therefore no breach of legal duty committed
by the defendants in the omission,—in other words, there
was no negligence on the part of the defendants.   This con-
clusion seems manifest, and support for it is found in *Mem-
phis & Charleston R. R. Co.* v. *Womack*, 84 Ala. 149, 4 So.
Rep. 618; *Glass* v. *Memphis & Charleston R. R. Co.*, 94 Ala.
581, 10 So. Rep. 215; *Ill. Central Railroad Co.* v. *Godfrey*,
71 Ill. 500; *Wabash R. R. Co.* v. *Jones*, 163 Ill. 167, 45 N.

E. Rep. 50; *Chesapeake & Ohio Ry. Co.* v. *Perkins*, (Ky. not yet officially reported), 47 So. W. Rep. 259; *Spicer* v. *Chesapeake & Ohio Ry. Co.*, 34 W. Va. 514, 12 So. E. Rep. 553; *B. & O. R. R. Co.* v. *State*, 62 Md. 479; and *Ward* v. *So. Pac. Co.*, 25 Ore. 433, 3 6Pac. Rep. 166, although in some of these cases the courts fail to observe the distinction, which is important, between mere toleration of continued trespasses and license by express or implied invitation. Upon principle the same doctrine seems applicable where trains are running through cities or thickly populated districts (*Glass* v. *Memphis & C. R. Co.*, *supra.*)

As we have said, the plaintiff was not, in any proper sense of the term, a licensee; but if it be conceded that at the time of the accident the plaintiff was upon the track by tacit permission only, without any invitation, express or implied, his case is not bettered, for he went and remained there at his own risk, and to such a licensee by sufferance or tolerance (if the expression may be used to describe the plaintiff) no duty was imposed by law on the defendants other or greater than they would have owed to a naked trespasser. Sound reason and the decided weight of authority are in accord with these views: *Sweeny* v. *Old Colony & Newport Ry. Co.*, 10 Allen 368; *Richards* v. *Chicago, etc, Ry. Co.*, 81 Iowa 426, 47 N. W. Rep. 63; *Weldon* v. *Philadelphia, W. & B. Ry. Co.* (Del.), 43 Atl. Rep. 156; *Setton* v. *Texas & P. R. Co.*, 48 La. An. 807, 19 So. Rep. 759.

Holding, as we do, that no inference of negligence on the part of the defendants could have been deduced from the facts, it follows that the question whether the plaintiff was guilty of contributory negligence is eliminated.

The nonsuit was properly granted. The judgment and order refusing a new trial are affirmed.

*Affirmed.*