DRISCOLL, APPELLANT, v. CLARK, RESPONDENT.

(No. 2,052.)

(Submitted December 30, 1904. Decided March 13, 1905.)

*Negligence—Personal Injuries—Machinery Attractive to Children—"Turntable Doctrine"—Complaint—Sufficiency.*

Pleadings—Personal Injuries—Machinery Attractive to Children.
1.   In an action for injuries to a child, received while playing around machinery operated by defendant, the complaint must allege either that there was an actual invitation to children to play about the machinery, or that it was so especially and unusually attractive to children that it constituted an implied invitation; and an allegation that defendant knew that the machinery did attract children is insufficient.

Liability of Owner of Property to Trespassers—Negligence.
2.   The owner of property is only liable to trespassers for a malicious injury, or one resulting from gross negligence after the peril of the trespassers is known to the owner of the land.

Injuries—Property Owner—Liability.
3.   The maxim, *"Sic utere tuo ut alienum non laedas,"* has no application to injuries occurring on one's own premises, but simply to injuries occurring on other lands by the wrongful use of one's own premises.

Legal Duties.
4.   The law takes cognizance of legal duties only.

Pleadings—Complaint—Liability of Owners of Property to Trespassers—Insufficiency.
5.   (On motion for rehearing.)   In an action for injuries to an infant trespassing on defendant's premises, the complaint alleged that for some time immediately preceding the injury the infant, being five years of age, and attracted thereby, had, to defendant's knowledge,

been playing around defendant's machinery, and that, notwithstanding such knowledge, defendant and his agents wholly failed to warn such infant against dangers incident to his so doing, or to request him to cease playing about the machinery, and to leave the premises. *Held,* that defendant not being legally bound to keep a constant lookout to guard persons trespassing on his premises from injury, such allegation was insufficient to show a breach of any legal duty on defendant's part.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by Nora Driscoll, as guardian of John Joseph Driscoll, a minor, against William A. Clark. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. John Lindsay,* and *Mr. James H. Baldwin,* for Appellant.

The general rule undoubtedly is that one is under no duty to a mere trespasser to keep his premises safe, but there are certain well-defined exceptions to this rule, among which is numbered the doctrine of the "turntable" and similar cases within which the case at bar unquestionably falls. The defendant having seen fit to erect and operate dangerous machinery of such a nature and character that it would constitute an attraction and allurement to the natural instincts of childhood, of which fact he had knowledge, upon an open lot near a public way where he might reasonably have expected children to pass and resort for play, the law imposes upon him the corresponding duty to take reasonable precautions to prevent the intrusion of children, or to protect from personal injury such as may be attracted thereby, for a breach of which duty an action will lie if injury and damage result, the maintaining upon one's own property of enticements to the ignorant or unwary being tantamount to an invitation to visit, to inspect and enjoy. (*Edington* v. *Burlington etc. Co.,* 116 Iowa, 410, 90 N. W. 95, 57 L. R. A. 561; *Biggs* v. *Barb-wire Co.,* 60 Kan. 217, 56 Pac. 4; *Kopplekom* v. *Colorado etc. Co.,* 16 Colo. App. 274, 64 Pac. 1047-1049; *Barrett* v. *Southern Pac. Co.,* 91 Cal. 295, 302, 25 Am. St. Rep. 186, 27 Pac. 666; *Callahan* v. *Eel River etc. Co.,* 92 Cal. 89, 91, 28 Pac. 104; *Fink* v. *City of Des Moines,*

115 Iowa, 641, 89 N. W. 28, 29; *Price* v. *Water Co.,* 58 Kan. 551, 62 Am. St. Rep. 625, 50 Pac. 450; *R. R. Co.* v. *Stout,* 17 Wall. 657, 21 L. Ed. 745-747; *Union Pac. Ry. Co.* v. *Mc-Donald,* 152 U. S. 262, 279, 14 Sup. Ct. 619, 38 L. Ed. 434, 442; *Stendal* v. *Boyd,* 67 Minn. 279, 69 N. W. 899, 900; *Ilwaco Navigation Co.* v. *Hedrick,* 1 Wash. 467, 22 Am. St. Rep. 169, 25 Pac. 335, 337; *Alabama etc. Co.* v. *Crocker,* 131 Ala. 584, 31 South. 561, 563; *Keefe* v. *Railway Co.,* 21 Minn. 207, 211, 18 Am. Rep. 393, 394, *et seq.; Power* v. *Harlow,* 53 Mich. 507, 51 Am. Rep. 154, 19 N. W. 257; *Brinkley Car Co.* v. *Cooper,* 60 Ark. 545, 46 Am. St. Rep. 216, 31 S. W. 154, 155; *Twist* v. *Winona etc. Co.,* 39 Minn. 164, 12 Am. St. Rep. 626, 39 N. W. 402, 404; *Cooper* v. *Overstone,* 102 Tenn. 211, 73 Am. St. Rep. 864, 52 S. W. 183, 45 L. R. A. 591; *Beinhorn* v. *Griswold,* 27 Mont. 79, 91-93, 94 Am. St. Rep. 818, 69 Pac. 557 (obiter); *Kansas City etc.* v. *Matson,* 68 Kan. 815, 75 Pac. 503.)

Respondent takes the position that the injured child or his parents have been guilty of contributory negligence. He has thus in effect admitted that there was a duty owed by him to the injured child and that that duty was negligently performed; that injury and damage resulted therefrom and that plaintiff would be entitled to recover were it not that the alleged negligence of the injured child or his parents barred the right. But these questions cannot properly be determined by the court as the matter is now presented. The question of negligence is a question of fact to be determined by the jury. (*Wastl* v. *Montana etc. Ry. Co.,* 24 Mont. 159, 171, 61 Pac. 9; *Wall* v. *Helena etc. Ry. Co.,* 12 Mont. 61, 29 Pac. 721; *Prosser* v. *Montana Cent. Ry. Co.,* 17 Mont. 372, 378, 43 Pac. 81; *Johnson* v. *B. & M. Min. Co.,* 16 Mont. 164, 176, 40 Pac. 298; *Merrifield* v. *M. G. Q. Min. Co.,* 143 Cal. 54, 76 Pac. 710, 711; *Allen* v. *N. P. Ry. Co.,* 35 Wash. 221, 77 Pac. 264, 265; *Brinkmeir* v. *Missouri Pac. Ry. Co.* (Kan.), 77 Pac. 586, 587; *Hone* v. *Mammoth Mfg. Co.,* 27 Utah, 168, 75 Pac. 381, 383; *Kansas City etc. Co.* v. *Matson,* 68 Kan. 815, 75 Pac. 503; *Fox* v. *O. C. S. R.,* 118 Cal. 55, 62, 62 Am. St. Rep. 216, 50 Pac. 25; *Barrett* v. *S. P. R. Co.,* 91 Cal. 296, 302, 25 Am. St. Rep. 186,

27 Pac. 666.)   So is the question of contributory negligence. (*Pueblo etc. Co.* v. *Sherman,* 25 Colo. 114, 71 Am. St. Rep. 116, 53 Pac. 322, 324; *Hone* v. *Mammoth Mfg. Co.,* 27 Utah, 168, 75 Pac. 381, 383; *Wastl* v. *M. U. Ry. Co.,* 24 Mont. 159, 171, 61 Pac. 9; *Wall* v. *Helena etc. Co.,* 12 Mont. 61, 29 Pac. 721; *Prosser* v. *M. C. Ry. Co.,* 17 Mont. 272, 278, 43 Pac. 81; *Criswell* v. *Montana Cent. Ry. Co.,* 17 Mont. 189, 212; *Ilwaco Ry. Co.* v. *Hedrick,* 1 Wash. 467, 22 Am. St. Rep. 169, 25 Pac. 335, 336; *Merrifield* v. *M. G. Q. M. Co.,* 143 Cal. 542, 76 Pac. 710; *Missouri Pac. Ry. Co.* v. *Johnson* (Kan.), 77 Pac. 577, 578; Code of Civil Proc., sec. 3440.) In determining such questions, all of the peculiar circumstances of each case must be taken into consideration. (*Chicago etc. Co.* v. *Tuohy,* 196 Ill. 410, 63 N. E. 997, 999; *Edgington* v. *Burlington etc. R. Co.,* 116 Iowa, 410, 90 N. W. 95, 100; *Merrifield* v. *M. G. Q. M. Co.,* 143 Cal. 54, 76 Pac. 710; *Moynihan* v. *Whidden,* 143 Mass. 287, 9 N. E. 646.)

Contributory negligence is a matter of defense and it must be alleged and proved as such. (*Meisner* v. *City of Dillon,* 29 Mont. 116, 124, 74 Pac. 130; *Mulville* v. *Pacific Mut. Ins. Co.,* 19 Mont. 95, 100, 47 Pac. 650; *Ball* v. *Gussenhoven,* 29 Mont. 322, 329, 74 Pac. 871; *Cummings* v. *H. & L. S. & R. Co.,* 26 Mont. 434, 68 Pac. 852; *Hunter* v. *M. C. Ry. Co.,* 22 Mont. 525, 533, 534, 57 Pac. 140; *Nelson* v. *City of Helena,* 16 Mont. 21, 39 Pac. 905; *Wall* v. *Railway Co.,* 12 Mont. 44, 29 Pac. 44; *Higley* v. *Gilmer,* 3 Mont. 90, 35 Am. Rep. 450.) It follows that respondent's position cannot be maintained, and especially in view of the facts: 1. That in law children of tender years are deemed incapable of contributory negligence. (*Merrifield* v. *M. G. Q. M. Co.,* 143 Cal. 54, 76 Pac. 710; *Mitchel* v. *Tacoma etc. Co.,* 13 Wash. 560, 43 Pac. 528, 529; *Ollis* v. *Houston etc. Ry. Co.,* 31 Tex. Civ. App. 601, 73 S. W. 30; *Harper* v. *Kopp,* 24 Ky. Law Rep. 2342, 73 S. W. 1127; *Consolidated etc. Ry. Co.* v. *Wyatt,* 59 Kan. 772, 52 Pac. 98; *Pueblo Electric etc. Ry. Co.* v. *Sherman,* 25 Colo. 114, 71 Am. St. Rep. 116, 53 Pac. 322, 323; *Eskildron* v. *City of Seattle,* 29 Wash. 583, 70 Pac. 64; *Illinois etc. R. R. Co.* v. *Jernigan,*

198 Ill. 297, 65 N. E. 88; *True etc. Co. v. Woda,* 201 Ill. 315, 66 N. E. 369; *Edgington v. Burlington etc. R. Co.,* 116 Iowa, 410, 90 N. W. 95, 96; *Brown v. Shellenberg,* 19 Pa. Sup. Ct. 286; *Fink v. City of Des Moines,* 115 Iowa, 641, 89 N. W. 28; *City of Roanoke v. Shull,* 97 Va. 419, 34 S. E. 34; *Rice v. Crescent Ry. Co.,* 51 La. Ann. 108, 24 South. 791; *Walbridge v. Schuylkill etc. Co.,* 190 Pa. St. 274, 42 Atl. 689; *Keller v. Gaskill,* 20 Ind. App. 502, 50 N. E. 363; *Washington etc. Co. v. Gladnon,* 15 Wall. 408; *Tully v. Philadelphia etc. Co.,* 3 Pen. (Del.) 455, 50 Atl. 95.) 2. That the law does not impute the negligence of parents to children when the suit is brought for the benefit of the child. (*Roth v. Union etc. Co.,* 13 Wash. 525, 43 Pac. 641, 647, 44 Pac. 253; *Eskildron v. City of Seattle,* 29 Wash. 583, 70 Pac. 64; *Berry v. Lake Erie etc. Co.,* 70 Fed. 679; *Atchinson etc. Co. v. McFarland,* 2 Kan. App. 662, 43 Pac. 788; *Texas etc. Co. v. Kingston,* 30 Tex. Civ. App. 24, 68 S. W. 518; *Fink v. City of Des Moines,* 115 Iowa, 641, 89 N. W. 28, 29; *City of Roanoke v. Shull,* 97 Va. 419, 34 S. E. 34; *Kay v. Pennsylvania Ry. Co.,* 65 Pa. St. 269, 3 Am. Rep. 628, 635; *Ploof v. Burlington etc. Co.,* 70 Vt. 509, 43 L. R. A. 108, 41 Atl. 1017; *Evansville v. Senhenn,* 151 Ind. 42, 68 Am. St. Rep. 218, 41 L. R. A. 728, 47 N. E. 634, 51 N. E. 88; *Missouri etc. Ry. Co. v. Shockman,* 59 Kan. 774, 52 Pac. 446; *Edgington v. Burlington etc. Co.,* 116 Iowa, 410, 90 N. W. 95, 98; *Kowalski v. Chicago etc. Co.,* 84 Fed. 586; *Westbrook v. Mobile etc. Co.,* 66 Miss. 560, 14 Am. St. Rep. 587, 589, 6 South. 321.) The rule being that though the negligence of a third person, not subject to plaintiff's control or direction, is in part responsible for the injury, respondent's liability is not destroyed. (*Barrett v. Southern Pac. Co.,* 91 Cal. 296, 303, 25 Am. St. Rep. 186, 27 Pac. 666; *Freeman v. Sand Coulee Co.,* 25 Mont. 194, 64 Pac. 347; *Callahan v. Eel R. Co.,* 92 Cal. 89, 92, 28 Pac. 104; *Choctaw etc. Co. v. Holloway,* 114 Fed. 458; *St. Louis Stockyards v. Godfrey,* 198 Ill. 288, 65 N. E. 90; *Logansport etc. Co. v. Coate,* 29 Ind. App. 299, 64 N. E. 638, 640; *Kansas City etc. Co. v. Matson,* 68 Kan. 815, 75 Pac. 503.)

*Mr. W. M. Bickford,* and *Mr. W. A. Clark, Jr.,* for Respondent.

The general rule of law is that a trespasser cannot recover damages from the owner of the premises, no matter how negligent the owner may have been with reference to the condition of the premises. To this general rule the courts have made an exception in what is known as the "turntable cases," and this exception is based upon the theory that where the owner of premises maintains thereon machinery which is naturally attractive to children, and which is likely to result in their injury, in such cases it is the duty of the owner of the ground or · land or premises to guard against anticipated injuries to those who are likely to be injured thereby because of their lack of judgment, or lack of knowledge of the dangerous character of such attractive machinery. (Watson on Damage for Personal Injuries, p. 296, sec. 235.)

The general rule of law is that the owner of premises owes no duty to trespassers except .the duty of not wantonly or willfully inflicting injuries upon those coming upon them. (Black's Law and Practice in Accident Cases, p. 89, sec. 81; Central Law Journal, vol. 44, p. 302, and cases cited; *Chicago etc. Ry. Co.* v. *Smith,* 46 Mich. 504, 9 N. W. 830; *McMullen* v. *Pennsylvania R. R. Co.,* 132 Pa. St. 107, 19 Am. St. Rep. 591, and note on page 593, 19 Atl. 27; *Matson* v. *Port Townsend Southern R. R. Co.,* 9 Wash. 449, 37 Pac. 705, decided August 4, 1894; *Shea* v. *Gurney,* 163 Mass. 184, 47 Am. St. Rep. 446, 39 N. E. 996; *McGuiness* v. *Butler,* 159 Mass. 233, 38 Am. St. Rep. 412, 34 N. E. 259.) In *Rodgers* v. *Lees,* 140 Pa. St. 475, 23 Am. St. Rep. 250, 21 Atl. 399, the court says: "And in a case where an infant had sufficient capacity to know the distinction between good and evil, he would be responsible for his conduct." (*Rhodes* v. *Georgia R. R. Co.,* 84 Ga. 320, 20 Am. St. Rep. 362, 10 S. E. 922; *Westbrook* v. *Mobile etc. Ry. Co.,* 66 Miss. 560, 14 Am. St. Rep. 590, 6 South. 321.) A trespassing child cannot recover damages. (*Mergenthaler* v. *Kirby,* 79 Md. 182, 47 Am. St. Rep. 371, 28 Atl. 1065.) And the owner of land is not required to provide against remote and

improbable injuries to children trespassing thereon. (*Brinkley Car Co.* v. *Cooper,* 60 Ark. 545, 46 Am. St. Rep. 216, 31 S. W. 154. See, also, *Maenner* v. *Carroll,* 46 Md. 218; *Billingslea* v. *Smith,* 77 Md. 535, 39 Am. St. Rep. 436, 26 Atl. 1077.)

In *Witte* v. *Stifel,* 47 Am. St. Rep. 673, the authorities upon the question of injury to child trespassing on premises of another are summarized. (See, also, *Gillespie* v. *McGowan,* 100 Pa. St. 149, 45 Am. Rep. 365; *B. & O. R. R. Co.* v. *Schwindling,* 101 Pa. St. 258, 47 Am. Rep. 706; *Cauley* v. *Pittsburg etc. R. R. Co.,* 95 Pa. St. 398, 40 Am. Rep. 664.)

There seems to be a marked disposition upon the part of the later authorities to disregard the principle announced in the "turntable cases," and to get away as far as possible from those decisions. There has been no extension of the rule, but a marked disposition upon the part of the courts to restrict its operation, and to refrain from extending it. All of the later cases, except in states where the rule announced in the "turntable cases" has been adopted, have distinctly and emphatically denied the justice of the holding, and have adopted the general principle that the owner is not liable to a trespasser. (Note to *Barney* v. *Hannibal etc. R. Co.,* 26 L. R. A. 847, and cases cited.) To show that the principle announced in the cases above cited apply with equal force to children of tender years as to those *sui juris,* we call the court's attention to the cases of *Buch* v. *Amory Mfg. Co.,* 69 N. H. 257, 76 Am. St. Rep. 163, 44 Atl. 810; *Smith* v. *J. Dold Packing Co.,* 82 Mo. App. 9; *Loftus* v. *Dehail,* 133 Cal. 214, 65 Pac. 379; *Savannah etc. Ry. Co.* v. *Beavers,* 113 Ga. 398, 39 S. E. 82; *Ryan* v. *Towar,* 128 Mich. 463, 92 Am. St. Rep. 481, 87 N. W. 649.

The duty of caring for children, protecting them, and preventing injuries from happening to them, devolves, not upon the proprietor or owner of land or dangerous machinery, but primarily devolves upon the parent or guardian, and the negligence of the parent or guardian, or other person, having the child in charge, especially if the child is *non sui juris,* rests upon the parent or guardian. The leading case upon this ques-

tion is that of *Lynch* v. *Murdin,* 1 Q. B. 29, and has been generally followed in this country. (*Robinson* v. *Cone,* 22 Vt. 213, 54 Am. Dec. 67; *Daley* v. *Norwich and Worcester,* 26 Conn. 591, 68 Am. Dec. 413; *Rauch* v. *Lloyd,* 31 Pa. St. 358, 72 Am. Dec. 747; *Holly* v. *Boston Gaslight Co.,* 8 Gray, 129, 69 Am. Dec. 233; *Hartfield* v. *Roper,* 21 Wend. 615, 34 Am. Dec. 273; *Lehman* v. *Brooklyn,* 29 Barb. 233; *Wright* v. *Malden etc. R. R. Co.,* 86 Mass. 283; *Lafayette etc. Ry. Co.* v. *Huffman,* 28 Ind. 287, 92 Am. Dec. 318; *Wendall et al.* v. *New York etc. R. R. Co.,* 91 N. Y. 420; *Hartfield* v. *Roper,* 21 Wend. 615, 34 Am. Dec. 275.)

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

Appeal from a judgment. The action was brought to recover damages for a personal injury to plaintiff's ward, arising from the alleged negligence of defendant in maintaining and operating what is claimed to be dangerous machinery upon his own premises.

The complaint, after preliminary allegations of the appointment of a guardian, alleges, in substance: That on or about June 5, 1903, the time of the injury, and for a long time prior thereto, the defendant carelessly and negligently and in disregard of duty had in *use and operation,* and *used and operated,* on the Steward lode claim, and within ten feet of North Main street, certain dangerous machinery and apparatus consisting of an endless chain, to which there was attached large and sharp flanges or projections, for the purpose of transporting lumber to and from his mill, which endless chain was on June 5, 1903, and had been, operated and kept in rapid motion, and was wholly unguarded, unprotected, and uninclosed, notwithstanding the defendant "had been fully aware that said machinery and apparatus was of such a nature and character that children would be and were attracted thereby, and had been and were in the habit of congregating around and playing about the same." That on June 5th, and for some time prior thereto, John Joseph Driscoll, a minor, then five years old, "being attracted thereby,

had," to the knowledge of defendant and his agents, then and there in the management and control and engaged in the operation of said machinery and apparatus, "been playing around and about the same, and that, notwithstanding said knowledge of the said defendant and his said agents, they, though fully aware of the danger in which said minor then was, wholly failed and neglected to exercise that degree of care and caution to avoid injuring said minor which a reasonable man would have exercised under like circumstances, in this, that they and each of them wholly failed and neglected to warn said minor against the dangers incident to his playing around and about the said machinery and apparatus, and wholly failed and neglected to request said minor to cease playing around and about the same, or to leave the immediate vicinity thereof, or in any wise take any steps to prevent injury to the said minor by reason of the use and operation of said machinery and apparatus by said defendant and his agents; and said * * * minor became fastened upon said flanges or projections upon said endless chain, and was drawn thereby and while said machinery and apparatus was in rapid motion and operation, upon and toward other machinery used by said defendant in connection with said endless chain, and by said machinery and apparatus and the operation thereof by the said defendant as aforesaid" was injured. The remainder of the complaint simply alleges the directions of the probate court to the guardian to institute this suit. To this complaint a demurrer was interposed on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff declined to amend. Judgment was rendered and entered in favor of defendant.

It is evident that counsel for plaintiff endeavored to frame a complaint which would bring the case within the doctrine of the "turntable cases," so called, and cases similar in character. His entire argument and brief on appeal seem to have been made to sustain the complaint under that doctrine. The doctrine of the "turntable cases," so called, was first announced in this country in the case of *Railroad Co.* v. *Stout,* 17 Wall. 657, 21 L. Ed. 745, and has been followed by some courts of

last resort. There seems, however, to be a growing tendency in the later cases to strictly limit the doctrine to cases falling within the facts disclosed by *Railroad Co.* v. *Stout,* or to renounce the doctrine altogether. The principle underlying this doctrine is well illustrated by the case of *Keffe* v. *Milwaukee etc. Ry. Co.,* 21 Minn. 207, 18 Am. Rep. 393, in which the court says: "The complaint states that the defendant knew that the turntable, when left unfastened, was easily revolved; that, when left unfastened, it was very attractive, and, when put in motion by them, dangerous, to young children; and knew also that many children were in the habit of going upon it to play. The defendant therefore knew that by leaving this turntable unfastened and unguarded, it was not merely inviting young children to come upon the turntable, but was holding out an allurement, which, acting upon the natural instincts by which such children are controlled, drew them by those instincts into a hidden danger." This case, as well as that of *Railroad Co.* v. *Stout, supra,* are referred to with approval in the case of *Union Pac. Ry. Co.* v. *McDonald,* 152 U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 434. An examination of the cases cited by appellant discloses that the dangerous machinery or other thing on defendant's premises was alleged to and did attract and allure children of tender years, and that defendant knew or was charged with the knowledge of that fact, and further knew that children frequented the place to play because of such allurement and attractiveness. The courts held that such facts amounted to an invitation to children to come upon the premises, and excused the technical trespass.

Under this doctrine, which is an exception to the common law, it must therefore clearly appear from the complaint that such invitation, either express or implied, exists. Indeed, the whole doctrine rests upon the existence of such invitation, either express or implied, from the maintenance of dangerous machinery on the premises which is so especially and unusually alluring to children of tender years that they are attracted thereby, to the knowledge of defendant. From these facts the courts hold that a duty is charged upon defendant to keep this

machinery safe from injury to children. · This is illustrated by the case of *San Antonio etc. Ry. Co.* v. *Morgan,* 92 Tex. 98, 46 S. W. 28. The complaint was quite voluminous. It alleged that the machinery (turntable) was dangerous, and "was calculated to attract, and did attract, the attention of children of tender years, who would be enticed thereto for amusement and pleasure." It also alleged "that the defendant, through its proper officers, agents and servants, was fully aware of the dangerous character of said machine, and well knew the peril and danger to which the children who lived in Alice would be exposed by leaving the same unguarded and unfastened." The complaint then goes on to show how the accident occurred, and the damages. The court, in its opinion, discusses the question of negligence in such cases, and what allegations of duty are required, in the following language: "The law imposes upon the carrier certain duties toward his passenger, upon an employer certain duties toward his employee, and upon a person traveling a public street or highway certain duties toward others thereon, for the reason that these various relations of persons to each other are lawful. Hence, when facts are alleged showing the particular relation, the duty follows as a matter of law. When, however, one enters upon the private property of another, his relation to that property and the owner thereof is not *prima facie* lawful, and therefore the law does not merely, by reason of his presence thereon, impose upon the owner any duty of care for his protection, although his wrongful presence does not relieve the owner of the general duty imposed upon him by law, as a member of society, not to intentionally injure another. In such a case, to state a cause of action against the owner for damages for an injury inflicted upon him while thereon, the petition need only show a violation of such general duty, or, in other words, an intentional injury. Such intent can be established either by direct evidence or by circumstances showing such a reckless disregard of the lives and safety of others as to estop the owner from denying the intent. As illustrating, if not fully supporting, this principle, see *Hydraulic Works Co.* v. *Orr,* 83 Pa. St. 332, as explained in *Gillespie*

v. *McGowan,* 100 Pa. St. 144, 45 Am. Rep. 365; *Schmidt* v.
*Dist. Co.,* 90 Mo. 284, 59 Am. Rep. 16, 1 S. W. 865, 2 S. W.
417; *Harriman* v. *Railway Co.,* 45 Ohio St. 12, 4 Am. St. Rep.
507, 12 N. E. 451; *Dunham* v. *Pitkin,* 53 Mich. 507, 19 N.
W. 166; *Penso* v. *McCormick,* 125 Ind. 116, 21 Am. St. Rep.
211, 25 N. E. 156, 9 L. R. A. 313.

"If, however, the person entering upon the private property
of another does so by invitation of the owner, a lawful relation
is thereby established, and the law imposes upon the owner a
duty of care for his safety, the degree of which we need not con-
sider here. Such invitation may be express or implied. Where
it is claimed to have been express, it is a mere question of fact
as to whether it was extended, and no legal difficulty exists.
Where, however, it is sought to establish the fact of invitation
from circumstances, the greatest difficulty arises in determining
the character of circumstances from which the fact of invita-
tion can be inferred. This is especially true where, as in the
case before us, the invitation is sought to be established by es-
toppel against what was in all probability the true intent of the
owner.

"It has been contended broadly that when an owner places
or permits anything upon his property which is attractive to
others, and one is thereby induced to go thereon, the invita-
tion may be inferred as a fact by the court or jury. Now,
since it is manifest that to some classes of persons, such as in-
fants, the things ordinarily in existence and use throughout the
country, such as rivers, creeks, ponds, wagons, axes, plows,
woodpiles, haystacks, etc., are both attractive and dangerous,
it is clear that the adoption of such a broad contention would
be contrary to reason, lead to vexatious and oppressive litiga-
tion, and impose upon the owners such a burden of vigilance
and care as to materially impair the value of property and seri-
ously cripple the business interests of the country. Therefore,
it has been generally held that the invitation cannot be inferred
in such cases. These cases rest upon the sound principle that,
where the owner makes such use of his property as others or-

dinarily do throughout the country, there is not, in legal contemplation, any evidence from which a court or jury may find that he had invited the party injured thereon, though it be conceded that his property or something thereon was calculated to and did attract him. (*Missouri etc. Ry. Co.* v. *Edwards,* 90 Tex. 65, 36 S. W. 430, 32 L. R. A. 825; *Dobbins* v. *Missouri etc. Ry. Co.,* 91 Tex. 60, 66 Am. St. Rep. 856, 41 S. W. 62, 38 L. R. A. 573, and cases cited therein; *Peters* v. *Bowman,* 115 Cal. 345, 56 Am. St. Rep. 106, 47 Pac. 113, 598; *Joske* v. *Irvine,* 91 Tex. 574, 44 S. W. 1059.) Where, however, the owner maintains upon his premises something which, on account of its nature and surroundings, is especially and unusually calculated to attract, and does attract, another, the court or jury may infer that he so intended, and hence invited him."

The court concludes the opinion as follows: "In so far as the turntable cases and other cases involving injuries upon dangerous machinery or private property may be considered to lay down the broad proposition that the owner can be held liable without proof of either an intent to injure or an invitation, as these have been above explained, we do not think them based upon sound principle. We do not think the petition in this case shows an invitation, in that it neither alleges such fact, nor that the turntable was unusually attractive; nor does it allege that there was any intent to injure, within the meaning of the principles above discussed. We think the fact of invitation, or the fact of an intent to injure, as the case may be, are issuable ones to be found, and probably should be alleged specifically, or at least such facts should be stated as to make it clear that such issue or issues are presented to be passed upon. The cases of 9 East, *supra,* and *Corby* v. *Hill,* 4 Com. B., N. S., 556, seem to recognize that these issues must be presented by the pleadings, and we think this is peculiarly the case under our system, which requires a statement of the facts constituting the cause of action or defense." We are satisfied that this case correctly announces the law as to what should be stated in the complaint under the turntable doctrine.

The case of *San Antonio etc. Ry. Co.* v. *Morgan,* 24 Tex. Civ. App. 58, 58 S. W. 544, sets forth a complaint for the same accident as in the above case, which is held to be sufficient. By a comparison of that complaint with the one at bar, one can readily distinguish the deficiencies of the latter.

In this complaint there is no direct allegation that the machinery was so *especially* and *unusually* alluring to children as to attract them, but only that defendant knew that it did attract them. True, it is alleged that the machinery was dangerous, but no facts are alleged from which the dangerous character of the machinery can be inferred. Conditions may exist under which the most simple machinery or implements may be dangerous. A rake or a hoe would be dangerous if left with the teeth or blade turned up, on premises frequented by children, but would not be dangerous to a child if he did not touch it. There is no allegation that this machinery was inherently dangerous any more than a rake or a hoe, no express allegation of invitation to children to come upon the premises, and no facts are alleged under the above authority from which such invitation could be implied. The child was therefore, under the allegations of the complaint, a mere trespasser upon defendant's property, and the defendant was charged with no greater duty toward him than toward trespassers generally. The rule is well settled that the owner of property is only liable to trespassers for a malicious injury, or one resulting from gross negligence after the peril of the trespassers is known to the owner of the land. (*Egan* v. *Montana Cent. Ry. Co.,* 24 Mont. 569, 63 Pac. 831; *Beinhorn* v. *Griswold,* 27 Mont. 79, 94 Am. St. Rep. 818, 69 Pac. 557, 59 L. R. A. 771; *Carman* v. *Montana Cent. Ry. Co.,* 32 Mont. 137, 79 Pac. 690.)

But again, there is no allegation but that this machinery was proper, necessary, and convenient for the use intended in the business of defendant, and that he was conducting a legal business in a lawful way. It is a principle as old as the law itself that one may conduct his business on his own premises with machinery reasonably necessary and convenient to make the busi-

ness successful. The maxim, *"Sic utere tuo ut alienum non laedas,"* is also recognized, but has no application to injuries occurring on one's own premises, but simply to injuries occurring on other lands by the wrongful use of one's own premises. (*Gillespie* v. *McGowan,* 100 Pa. St. 144, 45 Am. Rep. 365; *Uthermohlen* v. *Bogg's Run Co.,* 50 W. Va. 457, 88 Am. St. Rep. 884, 40 S. E. 410, 55 L. R. A. 911.) Under the allegations of this complaint, the minor being a trespasser upon defendant's land, the only duty owing to him was not to injure him wantonly or willfully after the defendant or his employees were aware of his peril. There is no allegation of wanton or willful injury, and no sufficient allegation of gross negligence.

The writer of this opinion does not hesitate to say that, in his judgment, the doctrine of the "turntable cases" is against the weight of authority, and cannot be sustained upon principle or reason. See the following cases: *Delaware etc. R. Co.* v. *Reich,* 61 N. J. L. 635, 68 Am. St. Rep. 727, 40 Atl. 682, 41 L. R. A. 831; *Turess* v. *New York etc. R.,* 61 N. J. L. 314, 40 Atl. 614; *Walsh* v. *Fitchburg R. Co.,* 145 N. Y. 301, 45 Am. St. Rep. 615, 39 N. E. 1068, 27 L. R. A. 724; *Daniels* v. *New York etc. R. Co.,* 154 Mass. 349, 26 Am. St. Rep. 253, 28 N. E. 283, 13 L. R. A. 248; *Frost* v. *Eastern R. R.,* 64 N. H. 220, 10 Am. St. Rep. 396, 9 Atl. 790; *Ryan* v. *Towar,* 128 Mich. 463, 92 Am. St. Rep. 481, 87 N. W. 644, 55 L. R. A. 310; *Uthermohlen* v. *Bogg's Run Co.,* 50 W. Va. 457, 88 Am. St. Rep. 884, 40 S. E. 410, 55 L. R. A. 911; *Paolino* v. *McKendall,* 24 R. I. 432, 96 Am. St. Rep. 736, 53 Atl. 268, 60 L. R. A. 133. We need not, however, hold on this appeal that such doctrine is incorrect, for two reasons: First, the complaint is insufficient even under that doctrine; and, second, the case is plainly distinguishable from those holding that doctrine.

So far as appears from the complaint, the defendant was engaged in conducting a legal business in a lawful way, with machinery reasonably convenient and necessary to the success of such business on his own land, and not dangerous in itself. It

probably was farthest from the intention of defendant or of his employees to injure the child. As well said by the court in the case of *Buch* v. *Amory Co.,* 69 N. H. 257, 76 Am. St. Rep. 163, 44 Atl. 809: "The defendants' machinery was in perfect order and properly managed. They were conducting their lawful business in a lawful way, and in the usual and ordinary manner. During the plaintiff's presence they made no change in the operation of their works or in their method of doing business. No immediate or active intervention on their part caused the injury. It resulted from the joint oper-ation of the plaintiff's conduct and the ordinary and usual condition of the premises. Under these circumstances an adult in full possession of his faculties, or an infant capable of ex-ercising the measure of care necessary to protect himself from the dangers of the situation, whether he was on the premises by permission or as a trespasser, could not recover. The plaintiff was an infant of eight years. The particular circum-stances of the accident—how or in what manner it happened that the plaintiff caught his hand in the gearing—are not dis-closed by the case. It does not appear that any evidence was. offered tending to show that he was incapable of knowing the danger from putting his hand in contact with the gearing, or of exercising a measure of care sufficient to avoid the danger. Such an incapacity cannot be presumed. [Citing cases.]" As a rule, a child is enticed or allured by dangerous ma-chinery or dangerous places to play with or about them. Play, and not the gratification of curiosity, is usually the goal of all childish instincts and impulses. Its curiosity is usually very easily satisfied, and experience has taught us that a child's curiosity for anything with which he cannot play ceases when he becomes accustomed to and familiar with it.

In this case it is alleged that the dangerous machinery was in operation at the time of the injury, and had been so in op-eration for a long time prior thereto. In so far as the com-plaint is concerned, this machinery may have been operated for so long a time in sight of the child that it had become

familiar with it, and that its curiosity had been satisfied. It
is impossible that the child was allured, attracted, or enticed
to come upon defendant's premises for the purpose of playing
with or upon this machinery. There is always danger for a
child to play with or touch moving machinery, and the de-
grees of danger are immaterial.

The following cases fully support the proposition that this
case is distinguishable from the "turntable cases," and that no
liability is charged against defendant in the complaint: *Buch*
·v. *Amory Co.,* 69 N. H. 257, 76 Am. St. Rep. 163, 44 Atl.
809; *Uthermohlen* v. *Bogg's Run Co.,* 50 W. Va. 457, 88 Am.
St. Rep. 884, 40 S. E. 410, 55 L. R. A. 911; *Gillespie* v. *Mc-
Gowan,* 100 Pa. St. 144, 45 Am. Rep. 365; *Loftus* v. *Dehail,*
133 Cal. 214, 65 Pac. 379; *Savannah etc. Ry. Co.* v. *Beavers,*
113 Ga. 398, 39 S. E. 82, 54 L. R. A. 314; *Paolino* v. *McKen-
dall,* 24 R. I. 432, 96 Am. St. Rep. 736, 53 Atl. 268, 60 L.
R. A. 133; *Holbrook* v. *Aldrich,* 168 Mass. 15, 60 Am. St.
Rep. 364, 46 N. E. 115, 36 L. R. A. 493; *Stendal* v. *Boyd,* 73
Minn. 53, 75 N. W. 735, 72 Am. St. Rep. 597, and note;
*Erickson* v. *Great Northern Ry. Co.,* 82 Minn. 60, 83 Am. St.
Rep. 410, 84 N. W. 462, 51 L. R. A. 645; *Richards* v. *Con-
nell,* 45 Neb. 467, 63 N. W. 915; *Klix v. Nieman,* 68 Wis.
271, 60 Am. Rep. 854, 32 N. W. 223; *Overholt* v. *Vieths,* 93
Mo. 422, 3 Am. St. Rep. 557, 6 S. W. 74; *Barney* v. *Hanni-
bal etc. R. Co.,* 126 Mo. 372, 28 S. W. 1069, 26 L. R. A. 847;
*Rodgers* v. *Lees,* 140 Pa. St. 475, 23 Am. St. Rep. 250, 12 L.
R. A. 216, 21 Atl. 399.

Plaintiff seeks to avoid the effect of the decision of this court
in *Egan* v. *Montana Cent. Ry. Co., supra,* by attempting to
allege want of ordinary care by defendant, in that he failed
and neglected to warn said minor of the dangers incident to
his playing about the machine, or to request him to cease play-
ing about it and to leave the premises. Actionable negligence
is a breach of a legal duty. The complaint must show that
defendant owed the child a legal duty which he neglected to
perform. There may have been a moral duty which he neg-

lected to perform, but the law takes no cognizance of any duties other than legal ones.

Quoting again from *Buch* v. *Amory, supra:* "What duties do the owners owe to a trespasser upon their premises? They may eject him, using such force, and such only, as is necessary for the purpose. They are bound to abstain from any other or further intentional or negligent acts of personal violence, bound to inflict upon him by means of their own active intervention no injury which by due care they can avoid. They are not bound to warn him against hidden or secret dangers arising from the condition of the premises (*Redigan* v. *Railroad,* 155 Mass. 44, 47, 48, 31 Am. St. Rep. 520, 28 N. E. 1133, 14 L. R. A. 276), or to protect him against any injury that may arise from his own acts or those of other persons. In short, if they do nothing, let him entirely alone, in no manner interfere with him, he can have no cause of action against them, for any injury that he may receive. On the contrary, he is liable to them for any damage that he, by his unlawful meddling, may cause them or their property. What greater or other legal obligation was cast on these defendants by the circumstance that the plaintiff was (as is assumed) an irresponsible infant? If land owners are not bound to warn an adult trespasser of hidden dangers—dangers which he, by ordinary care, cannot discover, and therefore cannot avoid— on what ground can it be claimed that they must warn an infant of open and visible dangers which he is unable to appreciate? No legal distinction is perceived between the duties of the owners in one case and the other. The situation of the adult in front of secret dangers which by no degree of care he can discover, and that of the infant incapable of comprehending danger, is, in a legal aspect, exactly the same. There is no apparent reason for holding that any greater or other duty rests upon the owners in one case than in the other.

"There is a wide difference—a broad gulf—both in reason and in law, between causing and preventing an injury; between doing by negligence or otherwise a wrong to one's neigh-

bor and preventing him from injuring himself; between protecting him against injury by another and guarding him from injury that may accrue to him from the condition of the premises which he has unlawfully invaded. The duty to do no wrong is a legal duty. The duty to protect against wrong is, generally speaking, and excepting certain intimate relations in the nature of a trust, a moral obligation only, not recognized or enforced by law. Is a spectator liable if he sees an intelligent man or an unintelligent infant running into danger, and does not warn or forcibly restrain him? What difference does it make whether the danger is on another's land, or upon his own, in case the man or infant is not there by his express or implied invitation? If A sees an eight year old boy beginning to climb into his garden over a wall stuck with spikes, and does not warn him or drive him off, is he liable in damages if the boy meets with injury from the spikes? (*Degg v. Railway*, 1 Hurl. & N. 773, 777.) I see my neighbor's two year old babe in dangerous proximity to the machinery of his windmill in his yard, and easily might, but do not, rescue him. I am not liable in damages to the child for his injuries, nor, if the child is killed, punishable for manslaughter by the common law or under the statute (Pub. St., c. 278, sec. 8), because the child and I are strangers, and I am under no legal duty to protect him. Now, suppose I see the same child trespassing in my own yard, and meddling in like manner with the dangerous machinery of my own windmill. What additional obligation is cast upon me by reason of the child's trespass? The mere fact that the child is unable to take care of himself does not impose on me the legal duty of protecting him in the one case more than in the other. Upon what principle of law can an infant, by coming unlawfully upon my premises, impose upon me the legal duty of a guardian? None has been suggested, and we know of none. An infant, no matter of how tender years, is liable in law for his trespasses. [Citing cases.] If, then, the defendants' machinery was injured by the plaintiff's act in putting his hand in the gear-

ing, he is liable to them for the damages in an action of trespass, and to nominal damages for the wrongful entry. It would be no answer to such an action that the defendants might, by force, have prevented the trespass. It is impossible to hold that, while the plaintiff is liable to the defendants in trespass, they are liable to him in case for neglecting to prevent the act which caused the injury both to him and them. Cases of enticement, allurement, or invitation of infants to their injury, or setting traps for them, and cases relating to the sufficiency of public ways, or to the exposure upon them of machinery attractive and dangerous to children, have no application here."

We adopt the reasoning set forth in this opinion and the conclusions therein announced, and therefore are of the opinion that there is no sufficient allegation of gross negligence in the complaint upon which defendant can be held liable.

We advise that the judgment be affirmed.

PER CURIAM.—The judgment is affirmed.

MR. CHIEF JUSTICE BRANTLY: I think the judgment should be affirmed for the reasons stated in the foregoing opinion.

MR. JUSTICE MILBURN: I concur in the result reached; that is to say, that the judgment should be affirmed. The complaint does not state a cause of action, and this is apparent for the reasons stated. I do not agree with all that is said in the opinion as to absence of legal duty to a trespasser. I do not believe that the turntable doctrine is wrong.

MR. JUSTICE HOLLOWAY: I agree with the result reached— that the complaint does not state facts sufficient to constitute a cause of action under the authority of *San Antonio etc. Ry. Co.* v. *Morgan,* referred to in the opinion. I do not agree with much that is said in the opinion, particularly with reference to the soundness of the doctrine announced in the so-called "turntable cases," or the applicability of that doctrine to a case of the character of the one now under consideration.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

In their petition for a rehearing herein counsel for plaintiff contend that, though it be conceded that the complaint does not state a cause of action within the rule of the "turntable cases," yet that its allegations bring it clearly within the rule laid down by this court in *Egan* v. *Montana Cent. Ry. Co.*, 24 Mont. 569, 63 Pac. 831, the applicability of which, it is alleged, this court evidently overlooked. The statement in the opinion in that case upon which they rely is the following: "The defendants owed to the plaintiff, as they did to any other trespasser, the duty to refrain from any willful or wanton act occasioning injury, and the duty of exercising reasonable care to avoid injuring him after becoming aware of his presence on the right of way." The particular allegation of the complaint which they say brings this case within the purview of that statement is "that on the said 5th day of June, A. D. 1903, and for some time immediately preceding the said injury, the said John Joseph Driscoll, a minor, being five years of age, being attracted thereby, had, to the knowledge of the said defendant and his agents, then and therein the management and control and engaged in the operation of the said machinery and apparatus, been playing around and about the same, and that, notwithstanding the said knowledge of the said defendant and his said agents, they, though fully aware of the danger in which the said minor then was, wholly failed and neglected to exercise that degree of care and caution to avoid injuring said minor which a reasonable man would have exercised under like circumstances, in this: that they and each of them wholly failed and neglected to warn the said minor against the dangers incident to his playing around and about the said machinery and apparatus, and wholly failed and neglected to request the said minor to cease playing around and about the

same, or to leave the immediate vicinity," etc. Unless it be accepted as the law that the owner of property is bound to keep a constant lookout in order to guard persons trespassing thereon from injury from some secret, hidden, or unknown danger, this allegation is clearly insufficient to show any breach of legal duty on the part of the defendant.

The excerpt from the opinion in *Egan* v. *Montana Cent. Ry. Co.,* standing alone, might be regarded as embodying this rule; yet, read in the light of the facts of the particular case, it states exactly the contrary. The plaintiff in that case was injured, while walking along the defendant's right of way in going from his work to his home, by a train of the defendant moving in the same direction. After getting upon the track he did not look back, though the view was unobstructed for some distance, and the train was approaching at the rate of only twenty miles per hour. At the time the engineer was looking back for signals from the rear of the train. He gave no signal or warning by sounding the bell or blowing the whistle. The contention was made by the plaintiff that the defendant company was guilty of negligence in thus failing to keep a lookout and to give warning of the approach of its train. In discussing the duty of the defendant company in the premises this court, including the passage above quoted, said: "No legal duty expressly to object to the use made of the track by trespassers rested upon the defendants, and hence, by omitting to warn or eject those who had theretofore intruded, they waived none of their rights, nor granted an implied license to the plaintiff authorizing him to do like acts in the future. The plaintiff and his companions were trespassers, and the mere fact that the defendants had, without formal or express objection, tolerated or suffered their use of the track as a footway, did not make the users licensees. The defendants owed to the plaintiff no greater or different duty than they owed to persons trespassing on other parts of their property. The defendants owed to the plaintiff, as they did to any other trespasser, the duty to refrain from any willful or wanton act

occasioning injury, and the duty of exercising reasonable care
to avoid injuring him after becoming aware of his presence on
the right of way; but further than this the defendants were
under no obligation to the plaintiff. In the case at bar the
engineer at the time of the accident was looking backward for
signals from the rear of the train, and did not keep a lookout
for persons on the track; nor does the plaintiff contend that
the engineer or any other employee of the defendants saw
him in time to avoid striking him. The defendants were un-
der no legal obligation to maintain an active lookout for the
purpose of avoiding injury to the plaintiff, a trespasser; and
there was therefore no breach of legal duty committed by the
defendants in the omission—in other words, there was no neg-
ligence on the part of the defendants."

The plaintiff was a trespasser. The defendant owed him
no duty to keep a lookout for him, nor any other duty than to
refrain from injuring him willfully or wantonly, or to use or-
dinary care to avoid injuring him if it discovered him in peril.
It did not discover his peril. The injury was therefore not
the fault of the defendant, because the impending peril not
being discovered, the duty of exercising any care did not arise.
The allegation quoted above does not state facts from which
even an inference is permissible that at the time John Driscoll
received his injury the defendant knew of his presence upon
the premises, or that he was in dangerous proximity to the mov-
ing machinery by which he was injured. It amounts only to
an allegation of a general duty owed to any trespasser to keep
a lookout for him at all times, and to warn him off the prem-
ises, lest he might fall into hidden or secret danger. As we
have seen, under the rule of the *Egan Case* the defendant did
not owe him this duty. In failing to exercise any care to
keep a lookout or warn him off the premises he was not guilty
of negligence. Much might be said of the moral obligation
resting upon those who were in charge of the defendant's ma-
chinery and operations to protect the infant from injury.
Yet so long as they let him alone, and did not by any wanton

or willful course of conduct bring the injury upon him, they were not guilty of violating any legal duty toward him.

We held in the original opinion that the allegations of the complaint were not sufficient to show that John Driscoll was enticed or allured to go upon the premises by the particularly attractive character of the machinery there. There was, therefore, so far as the complaint shows, no invitation extended to him to go there, either express or implied. If there had been alleged facts and circumstances showing that John Driscoll was known by the agents of the defendant there present to be upon the premises, and in such close proximity to the moving machinery that he was about to and did receive injury by coming in contact with it, and that they neglected to exercise ordinary care, under all the circumstances, to prevent the injury, a wholly different question would have been presented. Under the rule stated in the *Egan Case,* the defendant would perhaps have been liable. A rehearing is denied.

*Denied.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.

